## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CANAL INDEMNITY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-02945 |
| COASTAL TRANSPORT CO., INC., et al. | § § | |
| Defendants. | § § | |

### AFFIDAVIT OF MATTHEW H. OLGESBY, ESQ. IN SUPPORT OF PHILLIPS 66 COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFF CANAL INDEMNITY COMPANY

STATE OF TEXAS     :
           :
COUNTY OF TRAVIS   :

Before me, the undersigned authority, personally appeared Matthew H. Oglesby, who, being duly sworn and deposed states as follows:

1. My name is Matthew H. Oglesby and I am over the age of 21 years. I have personal knowledge of the facts stated in this Affidavit and they are all true and correct. I am qualified and competent to testify to the matters herein.

2. I am Senior Counsel of Litigation of Phillips 66 Company ("P66").

3. ConocoPhillips Company ("COP") and Coastal Transport Company, Inc. ("Coastal") entered into several successive agreements called Master Motor Carrier Services Agreement ("MMCSA") from 1997 to 2008 in which Coastal agreed to provide COP motor carrier services for transportation of certain freight. A true and correct copy of the MMCSA is attached hereto as Exhibit A.

4.      By agreement dated March 21, 2012, Coastal consented to the assignment of the MMCSA to P66, as successor in interest to COP.  A true and correct copy of the March 21, 2012 Assignment Agreement is attached hereto as Exhibit B.

5.      The Underlying Suit alleges two causes of action:  1) negligence (premises liability) and (2) negligence (failure to warn).  A true and correct copy of the Complaint in the Underlying Suit is attached hereto as Exhibit C.

6.      Pursuant to the MMCSA, by letter dated August 23, 2018, COP tendered notice of the Underlying Suit to Coastal, seeking defense and indemnity from Coastal and its insurers.  A true and correct copy of the August 23, 2018 Letter is attached hereto as Exhibit D.

7.      By letter dated November 14, 2018, Canal acknowledged that it received COP's tender to Coastal on October 31, 2018, was assessing the tender and claim, and informed COP that "[Canal's] initial assessment indicates that Canal issued policies to Coastal from on/about November 15, 2001 to May 1, 2009." A true and correct copy of the November 14, 2018 Letter is attached hereto as Exhibit E.

8.      More than four months after receiving notice of the Underlying Suit via COP's tender, by letter dated March 18, 2019, Canal denied coverage for COP's claim under the Auto Policies based on number of the policies' exclusions, and because the Underlying Suit purportedly did not allege operation, maintenance or use of a covered auto.  A true and correct copy of the March 18, 2019 Letter is attached hereto as Exhibit F.

9.      By letter dated April 10, 2019, COP informed Canal that National Interstate, Coastal's insurer from 2009 onwards, accepted COP's tender for the Underlying Suit, and further requested that Canal reconsider its denial.  A true and correct copy of the April 10, 2019 Letter is attached hereto as Exhibit G.

10.     Canal reiterated its denial by letter dated April 23, 2019, but again, did not dispute COP's status as an additional insured.  A true and correct copy of the April 23, 2019 Letter is attached hereto as Exhibit H.

11.     One month later, by email dated May 28, 2019, Canal informed COP's underlying defense counsel "that Canal accepts [COP's] additional insured tender and agrees to defend pursuant to a reservation of rights.  The letter outlining Canal's coverage position will be sent soon…."  A true and correct copy of the May 28, 2019 email is attached hereto as Exhibit I.

12.     In response to Canal's acceptance of COP's tender, on June 4, 2019, COP, and underlying defense counsel Brett Young, participated in a teleconference with Canal.  The purpose of this teleconference was to get Canal up to speed as quickly as possible about the facts and legal theories in the Underlying Suit.  Mr. Young provided Canal with his evaluation of the Underlying Suit, experts to be retained to defend the issues, potential liability for defendants in the Underlying Suit and challenges presented by the plaintiff's counsel.

13.     Despite affording Canal with significant, privileged information about the Underlying Suit, as of June 26, 2019, Canal still had not provided COP with its promised letter setting forth its coverage position.  A true and correct copy of June 26, 2019 email from Canal's counsel is attached hereto as Exhibit J.

14.     COP wrote to Canal on July 4, 2019 to convey a settlement demand made by plaintiff's counsel on July 3, 2019, and to inquire again as to the status of Canal's promised coverage letter per its May 28, 2019 email.

15.     On July 8, 2019, COP provided Canal with a spreadsheet summarizing its outstanding defense fees and expenses, and offered to discuss the plaintiff's pending settlement

demand, which was expiring in one week. A true and correct copy of July 8, 2019 email is attached hereto as Exhibit L.

16.     Canal finally responded with its coverage letter on July 10, 2019, six weeks after it originally agreed to defend COP under a reservation of rights. A true and correct copy of the July 10, 2019 Letter is attached hereto as Exhibit M.

17.     At that time, Canal also provided COP copies of the multiple successive insurance policies it issued to Coastal.

18.     Included among the multiple successive auto liability policies provided to COP by Canal are: 1) Policy No. L037755 for the policy period March 15, 2005 to May 1, 2006 (the "2005 Auto Policy"); 2) Policy No. L045542 for the policy period May 1, 2006 to May 1, 2007 (the "2006 Auto Policy"); and 3) Policy No. L060240 for the policy period May 1, 2007 to May 1, 2008 (the "2007 Auto Policy") (collectively, "the Auto Policies"). A true and correct copy of the auto liability policies are attached hereto as Exhibit N.

19.     Included among the multiple successive commercial general liability policies provided to COP by Canal are: (1) Policy No. CGL014511 for the policy period March 15, 2005 to May 1, 2006 (the "2005 CGL Policy"); 2) Policy No. CGL014515 for the policy period May 1, 2006 to May 1, 2007 (the "2006 CGL Policy"); and 3) Policy No. PDA002 48901 for the policy period May 1, 2007 to May 1, 2008 (the "2007 CGL Policy") (collectively, "the CGL Policies"). A true and correct copy of the commercial general liability policies are attached hereto as Exhibit O.

20.     In reliance on Canal's agreement to defend it, by email dated July 12, 2019, COP provided responses to Canal's information requests, including plaintiff's expert reports, and

underlying counsel's privileged analyses of liability and of Arizona law on expert challenges.  A true and correct copy of the July 12, 2019 email is attached hereto as Exhibit P.

21.     COP subsequently settled the Underlying Suit with Canal's consent, but without any payment from Canal towards defense costs or the settlement amount.

22.     COP continued to cooperate with Canal after the settlement, and provided all requested information to Canal to expedite payment of defense costs.  Although COP cooperated with Canal in good faith, Canal did not pay any defense bills and continued to stall instead.  Canal filed this suit on August 13, 2019 and to date, has not paid any portion of COP's defense fees and expenses or the settlement amount.

_____

Matthew H. Oglesby, Esq.


Subscribed and sworn to before me on this 4th day of February , 2020.

_____

Notary Public in and for the State of Texas




MARIA I DIAZ
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 9/27/22
NOTARY ID 59512-7