EXHIBIT C



**JWG / ALL**
**Transmittal Number: 17875161**
**Date Processed: 03/12/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kellie Hallam<br>ConocoPhillips<br>600 North Dairy Ashford Road<br>Houston, TX 77079 |
| **Electronic copy provided to:** | Lisa Webster<br>Pamela Jenkins |

| | |
|---|---|
| **Entity:** | ConocoPhillips Company<br>Entity ID Number  0013132 |
| **Entity Served:** | Conocophillips Company |
| **Title of Action:** | Mary Major vs. SFPP, L.P. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Maricopa County Superior Court, Arizona |
| **Case/Reference No:** | CV2018-003217 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 03/09/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Scott I. Palumbo<br>602-265-5777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

1   Scott I. Palumbo - State Bar #021271

2   PALUMBO WOLFE & PALUMBO, P.C.
2800 N. Central Ave., Suite 1400

3   Phoenix, Arizona 85004
(602) 265-5777

4   (602) 265-7222 (fax)

5   pwsp@palumbowolfe.com

6

7   Keith E. Patton, Esq.
PATTON LAW, P.C.

8   500 Copper Ave NW, Suite 100
Albuquerque, NM 87102

9   (505) 910-4800

10  (505) 910-4382 (fax)
keith@pattonlaw.com

11  (*pro hac vice pending*)

12  Attorneys for Plaintiffs

13

14           **SUPERIOR COURT OF ARIZONA**

15              **MARICOPA COUNTY**

16  MARY MAJOR, individually, and as the
representative of THE ESTATE OF ELWYN

17  WEBB; JOSHUA WEBB,

18            Plaintiff,

19      v.

20  SFPP, L.P.; KINDER MORGAN ENERGY

21  PARTNERS, L.P.; KINDER MORGAN
G.P., INC.; KINDER MORGAN

22  OPERATING L.P. "D"; CALJET OF
AMERICA, LLC; CALJET II LLC; SHELL

23  OIL COMPANY; EQUILON

24  ENTERPRISES LLC; CONOCOPHILLIPS
COMPANY; ATLANTIC RICHFIELD

25  COMPANY D/B/A ARCO PRODUCTS

26  COMPANY; CIRCLE K TERMINAL LLC;
BP PRODUCT NORTH AMERICA;

27  EXXON MOBIL CORPORATION D/B/A

28

No. CV 2018-003217

**SUMMONS**

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

PSXCAN00000124

1  MOBIL OIL CORP.; CHEVRON U.S.A.
2  INC.; PRO-PETROLEUM INC.; VALERO
   MARKETING AND SUPPLY COMPANY;
3  JOHN DOES I-V; AND BLACK
4  CORPORATIONS I-V,

5               Defendants.

6

7  **STATE OF ARIZONA**

8  **To Defendant(s):**

9

| | |
|---|---|
| **SFPP, L.P.**<br>Via Registered Agent:<br>CT CORPORATION SYSTEM<br>3800 NORTH CENTRAL AVENUE<br>SUITE 460<br>PHOENIX, AZ 85012 | **CONOCOPHILLIPS COMPANY**<br>Via Registered Agent:<br>UNITED STATES CORPORATION CO.<br>2338 W ROYAL PALM RD STE J<br>PHOENIX, AZ 85021 |
| **KINDER MORGAN ENERGY PARTNERS, L.P.**<br>Does not maintain a registered agent in AZ<br>KINDER MORGAN ENERGY PARTNERS, L.P.<br>500 DALLAS ST.<br>HOUSTON, TX 77002 | **ATLANTIC RICHFIELD COMPANY D/B/A ARCO PRODUCTS COMPANY**<br>Via Registered Agent:<br>CT CORPORATION SYSTEM<br>3800 N CENTRAL AVE SUITE 460<br>PHOENIX, AZ 85012 |
| **KINDER MORGAN G.P., INC.**<br>Via Registered Agent:<br>CAPITOL CORPORATE SERVICES INC<br>2338 W ROYAL PALM RD STE J<br>PHOENIX, AZ 85021 | **CIRCLE K TERMINAL LLC**<br>Via Registered Agent:<br>CORPORATION SERVICE COMPANY<br>2338 W ROYAL PALM RD STE J<br>PHOENIX, AZ 85021 |
| **KINDER MORGAN OPERATING L.P. "D"**<br>Via Registered Agent:<br>CAPITOL CORPORATE SERVICES INC<br>2338 W ROYAL PALM RD STE J<br>PHOENIX, AZ 85021 | **BP PRODUCT NORTH AMERICA**<br>Via Registered Agent:<br>CT CORPORATION SYSTEM<br>3800 N CENTRAL AVE SUITE 460<br>PHOENIX, AZ 85012 |

-2-

PSXCAN00000125

| CALJET OF AMERICA, LLC<br>Via Registered Agent:<br>RICH TARNOPOLSKI<br>5601 W VAN BUREN<br>PHOENIX, AZ 85043 | EXXON MOBIL CORPORATION D/B/A<br>MOBIL OIL CORP.<br>Via Registered Agent:<br>CORPORATION SERVICE COMPANY<br>2338 W ROYAL PALM RD STE J<br>PHOENIX, AZ 85021 |
|---|---|
| CALJET II LLC<br>Via Registered Agent:<br>RICH TARNOPOLSKI<br>5601 W VAN BUREN<br>PHOENIX, AZ 85043 | CHEVRON U.S.A. INC.<br>Via Registered Agent:<br>PRENTICE-HALL CORP SYSTEM<br>2338 W ROYAL PALM RD STE J<br>PHOENIX, AZ 85021 |
| SHELL OIL COMPANY<br>Via Registered Agent:<br>CT CORPORATION SYSTEM<br>2390 E CAMELBACK RD<br>PHOENIX, AZ 85016 | PRO-PETROLEUM INC.<br>Via Registered Agent:<br>CT CORPORATION SYSTEM<br>3800 N CENTRAL AVE SUITE 460<br>PHOENIX, AZ 85012 |
| EQUILON ENTERPRISES LLC<br>Via Registered Agent:<br>CT CORPORATION SYSTEM<br>3800 N CENTRAL AVE SUITE 460<br>PHOENIX, AZ 85012 | VALERO MARKETING AND SUPPLY<br>COMPANY<br>Via Registered Agent:<br>CT CORPORATION SYSTEM<br>3800 N CENTRAL AVE SUITE 460<br>PHOENIX, AZ 85012 |

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be

-3-

required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director.   Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court.   Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made.   Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt of Officer's Return.   **RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.   **RCP 10(D); A.R.S. § 12-311; RCP 5.**

### ADA Notification

(1) Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled court proceeding.

(2) Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

-4-

PSXCAN00000127

The name and address of Plaintiff's attorney is:

> Scott I. Palumbo
> PALUMBO WOLFE & PALUMBO, P.C.
> 2800 N. Central Ave., Suite 1400
> Phoenix, Arizona 85004

SIGNED AND SEALED this date: _____

Clerk

COPY

By: _____
MAR – 6 2018

Deputy Clerk   MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

COURT
SEAL

-5-



COPY

MAR – 6 2018

MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

1   Scott I. Palumbo - State Bar #021271
2   PALUMBO WOLFE & PALUMBO, P.C.
    2800 N. Central Ave., Suite 1400
3   Phoenix, Arizona 85004
    (602) 265-5777
4   (602) 265-7222 (fax)
5   pwsp@palumbowolfe.com

6   Keith E. Patton, Esq.
7   PATTON LAW, P.C.
    500 Copper Ave NW, Suite 100
8   Albuquerque, NM 87102
9   (505) 910-4800
    (505) 910-4382 (fax)
10  keith@pattonlaw.com
11  (*pro hac vice pending*)

12  Attorneys for Plaintiffs

13

14              SUPERIOR COURT OF ARIZONA
                    MARICOPA COUNTY
15

16  MARY MAJOR, individually, and as the
    representative of THE ESTATE OF ELWYN      No.   CV 2018-003217
17  WEBB; JOSHUA WEBB,

18                                            COMPLAINT
                    Plaintiffs,
19
           v.                                 (Tort: Wrongful Death)
20
    SFPP, L.P.; KINDER MORGAN ENERGY
21  PARTNERS, L.P.; KINDER MORGAN
    G.P., INC.; KINDER MORGAN
22  OPERATING L.P. "D"; CALJET OF
23  AMERICA, LLC; CALJET II LLC;
    SHELL OIL COMPANY; EQUILON
24  ENTERPRISES LLC; CONOCOPHILLIPS
    COMPANY; ATLANTIC RICHFIELD
25  COMPANY D/B/A ARCO PRODUCTS
26  COMPANY; CIRCLE K TERMINAL LLC;
    BP PRODUCT NORTH AMERICA;
27  EXXON MOBIL CORPORATION D/B/A
28

PSXCAN00000129

MOBIL OIL CORP.; CHEVRON U.S.A.
INC.; PRO-PETROLEUM INC.;
VALERO MARKETING AND SUPPLY
COMPANY; JOHN DOES I-V; AND
BLACK CORPORATIONS I-V,

Defendants.

Plaintiffs, for their claims against the defendants, allege as follows:

1.      Plaintiff MARY MAJOR is a resident of Arizona, and is the surviving spouse of ELWYN WEBB.  She is also the representative of the ESTATE OF ELWYN WEBB.

2.      Plaintiff JOSHUA WEBB is the surviving son of ELWYN WEBB.

3.      Defendant SFPP, L.P. is a business entity authorized, registered, and doing business in Arizona.

4.      Defendant KINDER MORGAN ENERGY PARTNERS, L.P. is a business entity doing business in Arizona.

5.      Defendant KINDER MORGAN G.P., Inc. is a business entity authorized, registered, and doing business in Arizona.

6.      Defendant KINDER MORGAN OPERATING L.P. "D" is a business entity authorized, registered, and doing business in Arizona.

7.      Defendant CALJET OF AMERICA, LLC is an Arizona limited liability company authorized, registered, and doing business in Arizona, with its principal place of business in Phoenix, Maricopa County, Arizona.

8.      Defendant CALJET II LLC is an Arizona limited liability company authorized, registered, and doing business in Arizona, with its principal place of business in Phoenix,

-2-

PSXCAN00000130

Maricopa County, Arizona.

9.     Defendant SHELL OIL COMPANY is a business entity authorized, registered, and doing business in Arizona.

10.     Defendant EQUILON ENTERPRISES LLC is a business entity authorized, registered, and doing business in Arizona.

11.     Defendant CONOCOPHILLIPS COMPANY is a business entity authorized, registered, and doing business in Arizona.

12.     Defendant ATLANTIC RICHFIELD COMPANY D/B/A ARCO PRODUCTS COMPANY is a business entity authorized, registered, and doing business in Arizona.

13.     Defendant CIRCLE K TERMINAL LLC is a business entity authorized, registered, and doing business in Arizona.

14.     Defendant BP PRODUCT NORTH AMERICA is a business entity authorized, registered, and doing business in Arizona.

15.     Defendant EXXON MOBIL CORPORATION D/B/A MOBIL OIL CORP. is a business entity authorized, registered, and doing business in Arizona.

16.     Defendant CHEVRON U.S.A. INC. is a business entity authorized, registered, and doing business in Arizona.

17.     Defendant PRO-PETROLEUM INC. is a business entity authorized, registered, and doing business in Arizona.

18.     Defendant VALERO MARKETING AND SUPPLY COMPANY is a business entity authorized, registered, and doing business in Arizona.

PSXCAN00000131

19.     Defendants JOHN DOES I-V and BLACK CORPORATIONS I-V are, and at all material times were, persons, agents, servants, employees, corporations and/or business entities whose true names and identities are not presently known to the Plaintiffs.  The Plaintiffs allege, upon information and belief, that John Does I-V and Black Corporations I-V are citizens, residents or incorporated in the State of Arizona.  The Plaintiffs are informed and believe that one or more of these individuals and/or business entities caused an event to occur within the State of Arizona that is the subject of this Complaint.

20.     Jurisdiction and venue are proper in this court.

21.     From approximately 1985 to 2016, ELWYN WEBB worked as a gasoline truck driver for Calzona Tankways and later Coastal Transport Company, Inc.

22.     As a gasoline truck driver, he loaded benzene-containing gasoline at the following terminals and loading racks owned and/or operated by each respective defendant:

| TERMINAL ADDRESS(ES) | OWNER(S)/OPERATOR(S) |
| --- | --- |
| 49 N. 53rd Ave., Phoenix, AZ 85043 | SFPP, L.P.; KINDER MORGAN ENERGY PARTNERS, L.P.; KINDER MORGAN G.P., INC.; KINDER MORGAN OPERATING L.P. "D"; |
| 125 N. 53rd Ave., Phoenix, AZ 85043 and 5159 W. Monroe St., Phoenix, AZ 85043 | CALJET OF AMERICA, LLC and CALJET II LLC; |
| 109 N. 55th Ave, Phoenix, AZ 85043 | SHELL OIL COMPANY; EQUILON ENTERPRISES LLC; |
| S. 51st Ave., Phoenix, AZ 85043 and 134 N. 55th Ave., Phoenix, AZ 85005 | CONOCOPHILLIPS COMPANY; |
| 5333 W. Van Buren, Phoenix, AZ 85043 | ATLANTIC RICHFIELD COMPANY; D/B/A ARCO PRODUCTS COMPANY;CIRCLE K |

-4-

TERMINAL LLC; BP PRODUCT NORTH AMERICA; EXXON MOBIL CORPORATION D/B/A MOBIL OIL CORP.

5110 W. Madison St., Phoenix, AZ 85043      CHEVRON U.S.A. INC.; KINDER MORGAN ENERGY PARTNERS, L.P.

408 S. 43rd Ave., Phoenix, AZ 85009      PRO-PETROLEUM INC.

23.     The benzene-containing gasoline was manufactured, marketed, and/or sold by each respective defendant.

24.     In the course of his work at the defendants' premises, ELWYN WEBB was exposed to benzene through inhalation and dermal absorption of the defendants' gasoline.

25.     As a direct and proximate result of his exposure to benzene, ELWYN WEBB contracted Myelodysplastic Syndrome (MDS), a benzene-induced blood and bone marrow cancer.

26.     ELWYN WEBB was diagnosed with MDS in January 2016 and died on March 19, 2016.

## COUNT I
## NEGLIGENCE (PREMISES LIABILITY)

27.     The plaintiffs allege and incorporate herein each allegation set forth above.

28.     The defendants owed a duty to exercise reasonable care and caution for the safety, health and welfare of ELWYN WEBB and others working on their premises where benzene was used.

29.     The defendants knew, or in the exercise of reasonable care should have known, of an unreasonably dangerous condition on the premises of their terminals, specifically benzene

-5-

PSXCAN00000133

exposure, and that such exposure involved a foreseeable risk of harm and injury to a person in ELWYN WEBB'S position.

30.    Nevertheless, the defendants negligently, recklessly and or intentionally failed to evaluate such conditions and failed to use reasonable care to prevent harm to the plaintiff and others by the dangers associated with occupational exposure to benzene.

31.    The defendants required workers, including ELWYN WEBB, to work with or in close proximity to benzene, and be exposed to same, without the necessary preventative measures or precautions.

32.    The defendants knew, or in the exercise of reasonable care should have known, that ELWYN WEBB would not discover the dangerous condition, would not realize the condition presented an unreasonable risk of injury, or would not protect himself from the condition.

33.    The defendants were negligent and breached their duties to exercise reasonable care for the safety, health, and welfare of ELWYN WEBB by doing one or more of the following:

     a.    Failing to take precautions or to warn ELWYN WEBB of the dangers and harm from benzene to which he was exposed while handling benzene-containing gasoline;

     b.    Failing to provide ELWYN WEBB with sufficient knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being damaged by exposure to benzene;

     c.    Failing to take precautions or to exercise care by placing warnings or cautions in the areas where benzene-containing gasoline were located and handled, or on the fuel pumps to warn the handlers thereof of the dangers to

-6-

health in coming into contact with benzene;

d.      Failing to take reasonable care to warn mechanics and service station workers such as ELWYN WEBB of said dangers, and/or to instruct in the proper handling of benzene-containing gasoline, or to take proper precautions or exercise care to protect ELWYN WEBB from harm, and failed to timely adopt and enforce any safety plan and method of handling such products and resultant exposures to benzene;

e.      Ignoring or failing to learn that the benzene-containing gasoline they introduced into the stream of commerce was toxic and/or carcinogenic and failing to adequately warn of same;

f.      Creating dangerous conditions on their premises;

g.      Failing to keep their premises in a reasonably safe condition;

h.      Failing to give adequate warnings of the dangerous conditions on their respective premises;

i.      Failing to protect invitees, such as ELWYN WEBB, from the hazards associated with exposure to benzene;

j.      Failing to medically monitor or perform industrial hygiene monitoring for ELWYN WEBB;

k.      Supplying benzene-containing gasoline with marketing, design, and/or manufacturing defects;

l.      Committing acts or omissions while having a right to control;

m.      Failing to properly exercise the right to control;

n.      Failing to provide a safe place to work;

o.      Failing to provide adequate safety equipment;

p.      Failing to monitor benzene levels at their premises;

q.      Failing to adopt and enforce a reasonable and safe industrial hygiene plan for benzene;

PSXCAN00000135

r.    Failing failed to provide ELWYN WEBB with visible, understandable warnings that were adequate to convey the severity of the risks of exposure to benzene;

s.    Failing to take reasonable care to warn ELWYN WEBB of the latency period concerning diseases caused by benzene exposure;

t.    Failing to take reasonable care to warn ELWYN WEBB of bystander exposure;

u.    Failing to warn ELWYN WEBB about the risk of developing cancer, including MDS;

v.    Failing to warn ELWYN WEBB that there is no known safe level of exposure to benzene.

34.    In failing to keep their premises reasonably safe, the defendants proximately caused ELWYN WEBB to be exposed to significant amounts of benzene, which caused him to develop MDS and die.

35.    As a direct and proximate result of the defendants' fault, ELWYN WEBB incurred substantial medical expenses, for which THE ESTATE OF ELWYN WEBB claims as damages in this suit.

36.    As a direct and proximate result of the defendants' fault, MARY MAJOR and JOSHUA WEBB have been and will continue to be deprived of the love, affection, comfort, companionship and care of ELWYN WEBB, and have experienced, and will continue to experience, pain, grief, sorrow, anguish, stress, mental suffering, and a diminished quality of life as a result of ELWYN WEBB'S death.

## COUNT II
## NEGLIGENCE (FAILURE TO WARN)

37.    The plaintiffs allege and incorporate herein each allegation set forth above.

-8-

38.    The defendants manufactured, distributed, and/or sold benzene-containing gasoline.

39.    The defendants each had a duty to exercise reasonable care to warn ELWYN WEBB and others similarly situated with respect to the risk of harm posed by their benzene-containing gasoline.

40.    The defendants were negligent and breached their duties to exercise reasonable care for the safety, health, and welfare of ELWYN WEBB by doing one or more of the following:

    a.    Failing to take precautions or to warn ELWYN WEBB of the dangers and harm from benzene and carcinogens to which he was exposed while handling benzene-containing gasoline;

    b.    Failing to provide ELWYN WEBB with sufficient knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances to protect him from being damaged by exposure to benzene;

    c.    Failing to take precautions or to exercise care by placing any warnings or cautions on the containers of such products to warn the handlers thereof of the dangers of benzene to health in coming into contact with benzene;

    d.    Failing to take reasonable care to warn ELWYN WEBB of said dangers and/or to instruct ELWYN WEBB in the proper handling of benzene, or to take proper precautions or exercise care to protect ELWYN WEBB from harm, and failed to timely adopt and enforce a safety plan and method of handling benzene;

    e.    Ignoring or failing to learn that the benzene-containing gasoline they introduced into the stream of commerce contained benzene and was toxic and/or carcinogenic and failing to adequately warn of same;

    f.    Supplying products with marketing, design, and/or manufacturing defects;

    g.    Failing to provide adequate safety equipment;

-9-

PSXCAN00000137

h.      Failing to provide visible, understandable warnings that were adequate to convey the severity of the risks associated with benzene;

i.      Failing to take reasonable care to warn ELWYN WEBB of the latency period concerning diseases caused by benzene;

j.      Failing to take reasonable care to warn ELWYN WEBB of bystander exposure at the workplace;

k.      Failing to warn ELWYN WEBB about the risk of developing cancer, including MDS;

l.      Failing to warn ELWYN WEBB that there is no known safe level of exposure to benzene from exposure to gasoline.

41.     These acts of negligence by each or all of the defendants caused and/or contributed to ELWYN WEBB'S MDS, subsequent death, and the plaintiffs' damages.

42.     As a direct and proximate result of the defendants' fault for failure to warn, ELWYN WEBB incurred substantial medical expenses, for which THE ESTATE OF ELWYN WEBB claims as damages in this suit.

43.     As a direct and proximate result of the defendants' fault for failure to warn, MARY MAJOR and JOSHUA WEBB were and continue to be deprived of the love, affection, comfort, companionship and care of ELWYN WEBB, and have experienced, and will continue to experience, pain, grief, sorrow, anguish, stress, mental suffering, and a diminished quality of life as a result of ELWYN WEBB'S death.

WHEREFORE, the plaintiffs pray for judgment against the defendants as follows:

A.      For general damages to be proven at trial;

B.      For special damages to be proven at trial;

-10-

PSXCAN00000138

C.     For the wrongful death damages suffered by MARY MAJOR and JOSHUA

WEBB as a result of ELWYN WEBB'S death.

D.     For the medical expenses incurred by THE ESTATE OF ELWYN WEBB.

E.     For funeral and burial expenses.

F.     For punitive or exemplary damages.

G.     For the plaintiffs' costs of suit.

H.     For such other relief as the court deems just and proper.

DATED this _____ day of March, 2018.

PATTON LAW, P.C.

AND

PALUMBO WOLFE & PALUMBO, P.C.

By _____
       Scott I. Palumbo
       2800 N. Central Ave., Suite 1400
       Phoenix, Arizona 85004
       Attorneys for Plaintiffs

ORIGINAL of the foregoing filed
this _____ day of March, 2018, with:

Clerk of the Superior Court
Maricopa County Superior Court
201 W. Jefferson Street
Phoenix, Arizona  85003

By _____

-11-

PSXCAN00000139



COPY

MAR - 6 2018

MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

1  Scott I. Palumbo - State Bar #021271
2  PALUMBO WOLFE & PALUMBO, P.C.
   2800 N. Central Ave., Suite 1400
3  Phoenix, Arizona 85004
   (602) 265-5777
4  (602) 265-7222 (fax)
5  pwsp@palumbowolfe.com

6  Keith E. Patton, Esq.
7  PATTON LAW, P.C.
   500 Copper Ave NW, Suite 100
8  Albuquerque, NM 87102
9  (505) 910-4800
   (505) 910-4382 (fax)
10 keith@pattonlaw.com
11 (*pro hac vice pending*)

12 Attorneys for Plaintiffs

13
14              **SUPERIOR COURT OF ARIZONA**
                    **MARICOPA COUNTY**
15

16 MARY MAJOR, individually, and as the
   representative of THE ESTATE OF ELWYN      No.  CV 2018-003217
17 WEBB; JOSHUA WEBB,

18                    Plaintiff,               **PLAINTIFFS' CERTIFICATE OF**
                                              **COMPULSORY ARBITRATION**
19         v.

20 SFPP, L.P.; KINDER MORGAN ENERGY
21 PARTNERS, L.P.; KINDER MORGAN
   G.P., INC.; KINDER MORGAN
22 OPERATING L.P. "D"; CALJET OF
   AMERICA, LLC; CALJET II LLC; SHELL
23 OIL COMPANY; EQUILON
24 ENTERPRISES LLC; CONOCOPHILLIPS
   COMPANY; ATLANTIC RICHFIELD
25 COMPANY D/B/A ARCO PRODUCTS
26 COMPANY; CIRCLE K TERMINAL LLC;
   BP PRODUCT NORTH AMERICA;
27 EXXON MOBIL CORPORATION D/B/A
28

1 | MOBIL OIL CORP.; CHEVRON U.S.A.
2 | INC.; PRO-PETROLEUM INC.; VALERO
  | MARKETING AND SUPPLY COMPANY;
3 | JOHN DOES I-V; AND BLACK
4 | CORPORATIONS I-V,

5 |          Defendants.

6 |

7          The undersigned certifies that he knows the dollar limits and any other limitations set

8 forth by the local rules of practice for the applicable superior court, and further certifies that this

9 case is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona

10

11 Rules of Civil Procedure.

12          DATED this _____ day of March, 2018.

13

14                    PATTON LAW, P.C.

15                         AND

16               PALUMBO WOLFE & PALUMBO, P.C.

17

18

19          By_____
20             Scott I. Palumbo
             2800 N. Central Ave., Suite 1400
21           Phoenix, Arizona 85004
             Attorneys for Plaintiffs
22
   ORIGINAL of the foregoing e-filed
23 this _____ day of March, 2018, with:

24
   Clerk of the Superior Court
25 Maricopa County Superior Court
   201 W. Jefferson Street
26 Phoenix, Arizona  85003

27
   By _Susan Hoffman_
28

                         -2-

PSXCAN00000141



COPY

MAR - 6 2018

MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

1   Scott I. Palumbo - State Bar #021271
2   PALUMBO WOLFE & PALUMBO, P.C.
    2800 N. Central Ave., Suite 1400
3   Phoenix, Arizona 85004
    (602) 265-5777
4   (602) 265-7222 (fax)
5   pwsp@palumbowolfe.com

6
    Keith E. Patton, Esq.
7   PATTON LAW, P.C.
    500 Copper Ave NW, Suite 100
8   Albuquerque, NM 87102
9   (505) 910-4800
    (505) 910-4382 (fax)
10  keith@pattonlaw.com
11  (pro hac vice pending)

12  Attorneys for Plaintiffs

13

14              SUPERIOR COURT OF ARIZONA
                    MARICOPA COUNTY
15

16  MARY MAJOR, individually, and as the
    representative of THE ESTATE OF ELWYN     No. CV 2018 - 003217
17  WEBB; JOSHUA WEBB,

18                  Plaintiffs,              PLAINTIFFS' DEMAND
                                             FOR JURY TRIAL
19          v.

20  SFPP, L.P.; KINDER MORGAN ENERGY
21  PARTNERS, L.P.; KINDER MORGAN
    G.P., INC.; KINDER MORGAN
22  OPERATING L.P. "D"; CALJET OF
23  AMERICA, LLC; CALJET II LLC; SHELL
    OIL COMPANY; EQUILON
24  ENTERPRISES LLC; CONOCOPHILLIPS
25  COMPANY; ATLANTIC RICHFIELD
    COMPANY D/B/A ARCO PRODUCTS
26  COMPANY; CIRCLE K TERMINAL LLC;
27  BP PRODUCT NORTH AMERICA;
    EXXON MOBIL CORPORATION D/B/A
28

PSXCAN00000142

1  MOBIL OIL CORP.; CHEVRON U.S.A.
2  INC.; PRO-PETROLEUM INC.; VALERO
   MARKETING AND SUPPLY COMPANY;
3  JOHN DOES I-V; AND BLACK
4  CORPORATIONS I-V,

5          Defendants.

6

7          Pursuant to Rule 38, Arizona Rules of Civil Procedure, the plaintiffs hereby demand a

8  jury trial in the above-entitled matter.

9          DATED this _____ day of March, 2018.

10

11         PATTON LAW, P.C.

12         AND

13

14         PALUMBO WOLFE & PALUMBO, P.C.

15

16         By_____

17         Scott I. Palumbo
18         2800 N. Central Ave., Suite 1400
           Phoenix, Arizona 85004
19         Attorneys for Plaintiffs

20  ORIGINAL of the foregoing filed
21  this 10th day of March, 2018, with:

22  Clerk of the Superior Court
23  Maricopa County Superior Court
    201 W. Jefferson Street
24  Phoenix, Arizona  85003

25

26  By Susan Hoffman

27

28

-2-

PSXCAN00000143