# EXHIBIT G

Matthew H. Oglesby
Senior Counsel
Litigation

Phillips 66 Company
P.O. Box 421959
Houston, Texas 77242-1959
Phone: (832) 765-1219
Fax: (832) 765-9873
Email: matt.h.oglesby@p66.com

April 10, 2019

**VIA EMAIL**

Linda Samuels
Complex Case Unit
Canal Insurance Company
400 East Stone Avenue
Greenville, SC 29601
Email: Linda.Samuels@canal-ins.com

Re:     Canal Claim No.:     L514682
       Policy Nos.:     MULTIPLE
       Your Insured:     Coastal Transport Co., Inc.
       Date of Loss:     1985 to 2016
       Plaintiffs:     Mary Major, et al. v. SFPP, LP, et al.
       Venue:     Superior Court of Arizona, Maricopa County
       Case No.:     CV 2018-003217

Dear Ms. Samuels:

Phillips 66 tendered this matter to Coastal Transport ("Coastal") on August 23, 2018. On March 18, 2019, Canal denied Phillips 66's claim by referencing policies that were not provided to Phillips 66.[1] Nor was any basis provided for the seven month delay in responding to Phillips 66's demand for additional insured status. Canal's entire basis for denying Phillips 66's demand for additional insured status appears to be based solely on its evaluation of the original complaint.

Canal may be interested to know that National Interstate, the insurance provider that immediately followed Canal, has fully accepted Phillips 66's demand for coverage. Additionally, Coastal's obligation to provide commercial general and auto insurance policies did not change between the time Canal provided coverage and the time that National Interstate provided coverage. It is difficult to understand, then, what valid basis exists for Canal to deny Phillips 66's demand for additional insured status under the relevant Canal policies.

---

[1] On April 8, 2019, I received a link to a large file purportedly containing the policies in question. Due to the large file volume, I am still in the process of sorting out the relevant policies and conducting my review.

Linda Samuels
April 10, 2019
Page **2** of **3**

I. Canal's denial of coverage under Business Auto Policies

Under a section titled Business Auto Policies, you note that Canal

> "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of <u>bodily injury</u> ... <u>caused by an occurrence</u> and arising out of the ownership, maintenance or <u>use</u>, **including the loading and unloading, for the purposes stated as applicable thereto in declarations**, of an owned automobile...and [CANAL] shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury ... even if any of the allegation of the suit are groundless, false or fraudulent...."

As clearly alleged in the lawsuit at issue here, Mr. Webb alleges he drove a Coastal gasoline transport truck. He alleges he **loaded** benzene-containing gasoline at, among other locations, a terminal owned by Phillips 66's predecessor in interest. He claims that as a result of exposure during the **loading** of gasoline into a gasoline truck he was injured (contracted) myelodysplastic syndrome.

Canal begins its denial of coverage under these policies by stating "[a]s can be plainly seen by a review of the Lawsuit, there is no allegation of bodily injury resulting from the use of any auto, much less a covered auto." Canal does not provide any definitions for the terms "auto" or "automobile" under the selected portion of your policy provided above. Nor did Canal provide the reference declarations. To be clear, it is difficult to see how a good faith reading of this paragraph and the complaint can lead any reasonable person to conclude that the **Coastal Transport Gasoline Transport Truck** is not an "auto" or "automobile."

Canal suggests there is no coverage because Mr. Webb's injuries were not caused by the loading of the product, but rather a failure to warn about the product or a condition on the premises and that such claims are the basis for Canal's denial under the business auto policies. However, Canal's own policies dictate that it cannot deny coverage based on "groundless, false, or fraudulent" claims. There is no documentary evidence that supports a claim that Mr. Webb was ever dermally exposed to the product at the Phoenix terminal, that he was not made familiar with the premises, or that he was unaware of any dangers associated with the products he loaded. Canal's decision to rely solely on the pleadings, which are filed before discovery is conducted, cannot be reconciled with Canal's stated commitment to not deny coverage based on "groundless, false, or fraudulent" claims. In sum, I urge Canal to reconsider its decision to deny coverage under the Business Auto Policies.

II. Canal's denial of coverage under General Liability Policies

Canal also denies Phillips 66's claim under the General Liability Policies because, in part,

> "the Lawsuit is silent on when Mr. Webb actually sustained an alleged injury from the exposure to benzenes. As such, it appears that there is no coverage under the Canal CGL policies because there is no allegation that Mr. Webb sustained bodily injuries during the Canal policy periods."

This denial follows the same flawed logic used to deny Phillips 66's claim under the Business Auto Policies. First, Mr. Webb was never exposed to "benzenes". To the extent he was ever

Linda Samuels
April 10, 2019
Page **3** of **3**

exposed to any product, which is denied, he was exposed to gasoline which he loaded onto his gasoline truck. There was never benzene at the Phoenix terminal. A Corporate Representative for your client has testified that Coastal Transport has never been in the business of delivering benzene. This is simply a "false and fraudulent claim," one that Canal admits cannot serve as the basis for a denial of coverage.

Secondly, to the extent Canal claims the lawsuit was "silent" on when the "alleged injury" occurred, Phillips 66 directs you to paragraph 21, where he alleges that he worked for Coastal, or its predecessor, from 1985 to 2016 and paragraph 22, where he then states "as a gasoline truck driver, he loaded benzene containing gasoline." Lastly, paragraph 25, ties the exposure, the time period, and the injury together. Phillips 66 denies all allegations in the complaint, regardless, those allegations must still be defended and they likewise trigger coverage under one or more polices issued by Canal. Therefore, Canal's decision to deny Phillips 66's claims for coverage under the CGL policies because there is no allegation within the policy periods has no factual or legal merit and lacks good faith.

Alternatively, Canal denies coverage under the CGL under an auto exclusion, allegedly found in the CGL. Because Canal chose to provide selected and disjointed paragraphs from its policies, Phillips 66 cannot possibly evaluate the basis for a rejection without the complete policies. Canal repeats this same practice in denying coverage under the CGL under something called the "total pollution exclusion" and "punitive damage exclusion." Canal's decision to reject Phillips 66's claim as an additional insured under this alleged exclusion without providing the complete policies is more indicia of Canal's lack of good faith. Phillips 66 is entitled to coverage as an additional insured under its contract Coastal Transport for the claims asserted by its employee against Phillips 66. Mr. Webb's Complaint clearly alleges exposure to products he was hired to transport in Coastal trucks.

This matter was unsuccessfully mediated on March 25, 2019 in part due to the absence of appropriate parties like Canal. The parties are considering a second mediation to be conducted in Arizona in Summer 2019. In the meantime, Phillips 66 will continue to evaluate all available options at its disposal to secure coverage under Canal policies issued to Coastal, including declaratory actions and reference to the Arizona Department of Insurance. Please also advise by April 23, 2019 if Canal intends to revise its rejection of Phillips 66's demand for coverage as an additional insured under the applicable Canal insurance policies.

Regards,

Matthew H. Oglesby
Senior Counsel