# EXHIBIT H



April 23, 2019

**VIA EMAIL: matt.h.oglesby@p66.com**

Phillips 66 Company
Attn: Matthew H. Oglesby, Sr. Counsel Litigation
P.O. Box 421959
Houston, TX 77242-1959

| RE: | Canal Claim No.: | L514682 |
|---|---|---|
| | Canal Policy Nos.: | MULTIPLE |
| | Canal's Insured: | Coastal Transport Co., Inc. |
| | Date of Loss: | Unknown, between 1985 to 2016 |
| | Case: | Major, et al. v. SFPP, LP, et al. |
| | Case No.: | CV 2018-003217 |

Dear Mr. Oglesby:

Canal Insurance Company ("Canal") is in receipt of your correspondence of April 10, 2019. As you mention in your correspondence, the policies upon which Canal relied in declining Phillip 66 Company's tender of defense and indemnification were provided to Phillip 66 Company ("Phillips 66") earlier this month. As you also note, they are voluminous. The sheer volume of the policies, coupled with having to retrieve these old policies from storage, contributed to the delay in Canal's response to your tender, which was not received by Canal until 10/31/2018, regardless of when it was sent to Coastal Transport Company, Inc. ("Coastal").

Additionally, the tender from Phillips 66 that Canal received contained a copy of the original complaint in this litigation. Canal was not made aware of an amended complaint and your letter was Canal's first notice of it. If you could forward a copy, Canal would certainly review the new allegations for coverage for your client.

Further, Canal's first notice of the March 25, 2019 mediation was in your letter. No party ever requested Canal's attendance at the mediation.

Perhaps the allegations of the amended complaint will clear up the argument you make that that Mr. Webb was not exposed to benzenes. The allegations of the original complaint, of course, make numerous references to "benzene-containing gasoline" and that Mr. Webb contracted MDS "a benzene-induced blood and bone marrow cancer" "as a direct and proximate result of his exposure to benzene". Complaint at 25. Also, while the original complaint alleges that Mr. Webb loaded gasoline into his truck, the causes of action are clearly directed at the owners of the premises at which he was exposed to gasoline and their alleged failure to take precautions with their product and facilities. Moreover, the pollution exclusions, in particular, in both the auto and general liability policies issued by Canal appear to clearly apply. Nevertheless, we will certainly review the allegations of the amended complaint for coverage if you will send it.

As always, should you have any questions or concerns, please feel free to contact me at the email and phone numbers below.

Sincerely,



Linda Samuels, MPA, JD
Complex Case Unit
P: 800-452-6911, Ext. 5250
E: Linda.Samuels@canal-ins.com

| | | | |
|---|---|---|---|
| cc: | Coastal Transport Co., Inc.<br>c/o James Hatchitt<br>1900 Pearl Street<br>Austin, TX 78705 | - | Via Email: jhatchitt@howrybreen.com |
| | HUB Int'l Transportation Ins. Svcs.<br>Attn: Jodi Neal, Account Executive<br>10701 Corporate Drive, Ste. 380<br>Stafford, TX 77477 | - | Via Email: Jodi.neal@hubinternational.com |
| | Delta General Agency Corp.<br>4828 Loop Central Dr., Ste. 1000<br>Houston, TX 77081 | - | Via Mail |