EXHIBIT N

Part 4 of 4

192003155

**BASIC AUTOMOBILE LIABILITY** Copy of Identity Image **L060240**

L
0
6
0
2
4
0

Surcharge _____ Class _____ Radius _____

| Consecutive Year | SEE LIST | | | | |
| L045542 | ☒ FILING RECORD | | | | |

Insured's Phone: 2106614287

Underwriter

**Items**
STATE: 42
**1. Named Insured and Address**
TERR.:
COASTAL TRANSPORT CO., INC
1603 ACKERMAN RD
SAN ANTONIO, TX 78219 [BEXAR county]

DELTA GENERAL AGENCY CORP.
4828 LOOP CENTRAL DRIVE, SUITE 1000
HOUSTON, TX 77081 (713) 570-2700

**2. Policy Period:** 12 months

Agent Code 42260 Comm.

From 5/1/2007 To 5/1/2008

Follow-Up Record Und Rept

12:01 A.M.,standard time at the address of the named Insured as stated herein.

Business of the named Insured is: **TRUCKING - GAS, DIESEL, LUBE OILS, CHEMICALS, ASPHALT**
Radius: **UNLIMITED within policy territory**

**3.** Schedule as of Effective Date of this Insurance - As To: (a) **Owned Automobiles;**
Description: Purposes of Use (P&B=Pleasure and Business; C=Commercial)

| AUTO No. | Year of Model | Trade Name | Body Type and Model; Truck Size; Truck Load; Tank Gallonage Capacity; or Bus Seating Capacity | Identification (I) No.; Serial (S) No.; Motor (M) No. | Cylinders (No.) | Principally Garaged in (Town or City, State) | Purposes of Use | Classification |
|---|---|---|---|---|---|---|---|---|
| 1 | | GROSS RECEIPTS | | VARIES | | SAN ANTONIO, TX | C | |

(b) Automobile Medical Payments Coverage: Designated Person Insured

**Designation of Automobiles - Division 1**
AUTO No. _____

(c) Uninsured Motorists Coverage: Designated Person Insured

**Insured Highway Vehicles**
AUTO No. _____

**4.** The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| PREMIUMS | | | | | LIMIT OF LIABILITY | | COVERAGES | SECTION |
|---|---|---|---|---|---|---|---|---|
| Total | Auto No 1 | Auto No. 2 | Auto No. 3 | Auto No. 4 | | | | |
| SEE E-32 ENDORSEMENT | | | | | | each occurrence 1,000,000 | Combined Single Limit | A |
| | | | | | each person | each occurrence | A. Bodily Injury Liability | A |
| | | | | | | | B. Property Damage Liability | |
| | | | | | | | Automobile Medical Payments | B |
| | | | | | each person | each accident | D. Uninsured Motorists | C |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | Premium for Endorsements: ESCROW DEPOSIT | | | |
| | | | | | TOTAL PREMIUM | | | |

Form numbers of endorsements attached to policy at issue:
IA91CW0106 (1-06) 2-1-E (12-91) 2-4-E (12-91) 2-18-E (1-94) 2-32-E (12-91) 2-45-E (12-91) 2-50L-E TX (5-92) 2-102-E (11-93) 2-125-E (4-99) Form F (6-71) TX-1 (6-03) A101, Info Notice: D-83 (4-05) 2-101-D CL (1-03) 2-101-D TX (1-96) ID-4 TX (11-03)

**5.** Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the **named Insured** is the sole owner of every vehicle described in Item 3 above, unless otherwise stated herein:

Countersigned: 4828 LOOP CENTRAL DRIVE, SUITE 1000
HOUSTON, TX 77081 5/8/2007

By _____
Authorized Representative

**DELTA GENERAL AGENCY CORP.**
Home Office Copy 0700561 PENNY STANDLEE ELIZAT

Copy of Identity Image
03/18/2009 03:43 PM

4226063006

PSXMAJ00007477
PSXCAN00010858

**BASIC AUTOMOBILE LIABILITY POLICY**

STOCK COMPANY



*Canal Indemnity Company*

P.O. Box 7 - Greenville, South Carolina - 29602-0007

PSXMAJ00007478
PSXCAN00010859

**CANAL INDEMNITY COMPANY**
GREENVILLE, SOUTH CAROLINA
(A stock insurance company, herein called the company)

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the **named insured** as follows:

## SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

### I. COVERAGE A - BODILY INJURY LIABILITY -- COVERAGE B - PROPERTY DAMAGE LIABILITY:

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

#### bodily injury or property damage

to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury or property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions:** This insurance does not apply:

(a) to liability assumed by the **insured** under any contract or agreement;
(b) to any obligation for which the **insured** or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
(c) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** or to any obligation of the **insured** to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the **insured** unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;
(d) to **property damage** to
   (1) property owned or being transported ·by the **insured**, or
   (2) property rented to or in the care, custody or control of the **insured**, or as to which the **insured** is for any purpose exercising physical control, other than **property damage** to a residence or private garage by a **private passenger automobile** covered by this insurance;
(e) to **bodily injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to· any of the foregoing, with respect to expenses for first aid under the Supplementary Payments provision;
(f) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any **owned automobile**

or **temporary substitute automobile** while such **automobile** is being used as a public or livery conveyance, unless such use is specifically declared and described in the declarations;
(g) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

### II. SUPPLEMENTARY PAYMENTS: The company

will pay, in addition to the applicable limit of liability:
(a) all expenses incurred by the company, all costs taxed against the **insured** in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;
(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the **insured** because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or to furnish any such bonds;
(c) expenses incurred by the **insured** for first aid to others at the time of an accident, for **bodily injury** to which this policy applies;
(d) reasonable expenses incurred by the **insured** at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

### III. PERSONS INSURED: Each of the following is

an **insured** under this insurance to the extent set forth below:
(a) the **named insured**;
(b) any partner or executive officer thereof, but with respect to a **temporary substitute automobile** only while such **automobile** is being used in the business of the **named insured**;
(c) any other person while using an **owned automobile** or a **temporary substitute automobile** with the permission of the **named insured**, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out of the loading or unloading thereof, such other person shall be an **insured** only if he is:
   (1) a lessee or borrower of the **automobile**, or
   (2) an employee of the **named insured** or of such lessee or borrower;

Page 1

PSXMAJ00007479
PSXCAN00010860

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an **insured** under (a), (b) or (c) above.

None of the following is an **insured**:
(i) any person while engaged in the business of his employer with respect to **bodily injury** to any fellow employee of such person injured in the course of his employment;
(ii) except as stated under (b) above, the owner of a **temporary substitute automobile**, or any agent or employee of such owner;
(iii) any person or organization, other than the **named insured**, with respect to:
    (1) a motor vehicle while used with any **trailer** owned or hired by such person or organization and not covered by like insurance in the company (except a **trailer** designed for use with a four wheel **private passenger automobile** and not being used for business purposes with another type motor vehicle), or
    (2) a **trailer** while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company;
(iv) any person while employed in or otherwise engaged in duties in connection with an **automobile business**, other than an **automobile business** operated by the **named insured**.

**IV. LIMITS OF LIABILITY:** Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage** or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

**Coverage A** - The limit of **bodily injury** liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of any one **occurrence**; but subject to the above provision respecting "each person", the total liability of the company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one **occurrence** shall not exceed the limit of **bodily injury** liability stated in the declarations as applicable to "each **occurrence**".

**Coverage B** - The total liability of the company for all damages because of all **property damage** sustained by one or more persons or organizations as the result of any one **occurrence** shall not exceed the limit of **property damage** liability stated in the declarations as applicable to "each **occurrence**".

**Coverages A and B** - For the purpose of determining the limit of the company's liability, all **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

If an affiliated company within the Canal group certifies coverage on behalf of the insured, it is understood and agreed that the total limits of liability available to the

insured from any company or companies within the Canal group shall be the amount in the declarations of this policy.

**V. POLICY TERRITORY:** This insurance applies only to **bodily injury** or **property damage** which occurs within the **policy territory**.

**VI. DEFINITIONS:** When used in this policy (including endorsements forming a part hereof):

**"automobile"** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include **mobile equipment;**

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

**"mobile equipment"** means a land vehicle (including any machinery or apparatus attached thereto,) whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the **named insured**, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

**"named insured"** means the person or organization named in Item 1 of the declarations of this policy;

**"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured;**

**"policy territory"** means:
(1) the United States of America, its territories or possessions, or Canada, or
(2) international waters or air space, provided the **bodily injury** or **property damage** does not occur in the course of travel or transportation to or from any other country, state or nation;

**"property damage"** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period.

Page 2

**VII. ADDITIONAL DEFINITIONS (Automobile Liability Insurance):** When used in reference to this insurance (including endorsements forming a part of the policy):

**"automobile business"** means the business or occupation of selling, repairing, servicing, storing or parking **automobiles;**

**"owned automobile"** means either
(a) an **automobile** which is owned by the **named insured** and described in the declarations; or
(b) an **automobile** ownership of which is newly acquired by the **named insured** during the policy period, provided
   (i) it replaces an **owned automobile** as defined in (a) above, or
   (ii) the company insures all **automobiles** owned by the **named insured** on the date of such acquisition and the **named insured** notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such **automobile** and pays any additional premium required therefor;
and **"owned automobile"** includes a **trailer** not described in this policy, if designed for use with a four wheel **private passenger automobile** and if not being used for business purposes with another type **automobile;**

**"private passenger automobile"** means a private passenger or station wagon type **automobile** and any **automobile** the **purpose of use** of which is stated in the declarations as **pleasure and business;**

**"temporary substitute automobile"** means an **automobile** not owned by the **named insured** or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an **owned automobile** when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction;

**"trailer"** includes semi-trailer but does not include **mobile equipment;**

and as to **"purpose(s) of use":**

**"commercial"** means use principally in the business occupation of the **named insured** as stated in the declarations including occasional use for personal, pleasure, family and other business purposes;

**"pleasure and business"** means personal, pleasure, family and business use.

**VIII. ADDITIONAL CONDITIONS**

**A. Other Insurance-Temporary Substitute and Newly Acquired Automobiles:** With respect to a **temporary substitute automobile,** this insurance shall be excess insurance over any other valid and collectible insurance available to the **Insured.**
With respect to an **owned automobile** ownership of which is newly acquired by the **named insured** during the policy period and not described in the declarations, this insurance shall not apply if any other valid and collectible insurance is available to the **named insured.**

**B. Out of State Insurance:** If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and kinds of coverage afforded by the policy shall be set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province; provided that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss.

## SECTION B - AUTOMOBILE MEDICAL PAYMENT INSURANCE

**I. COVERAGE C - AUTOMOBILE MEDICAL PAYMENTS:** The company will pay all reasonable **medical expense** incurred within one year from the date of the accident:
  **Division 1.** to or for each person who sustains **bodily injury,** caused by accident, while **occupying** a **designated automobile** which is being used by a person for whom **bodily injury** liability insurance is afforded under this policy with respect to such use;
  **Division 2.** to or for each **insured** who sustains **bodily injury,** caused by accident, while **occupying** or, while a pedestrian, through being struck by a **highway vehicle.**

**Exclusions:** This insurance does not apply:
(a) to **bodily injury** to any person or **insured** while employed or otherwise engaged in duties in connection with an **automobile business,** if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;
(b) to **bodily injury** due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;
(c) under Division 1, to **bodily injury** to any employee of the **named insured** arising out of and in the course of employment by the **named insured,** but this exclusion does not apply to any such **bodily injury** arising out of and in the course of domestic employment by the **named insured** unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

PSXMAJ00007481
PSXCAN00010862

(d) under Division 2, to **bodily injury** sustained while **occupying** a **highway vehicle** owned by any **Insured**, or furnished for the regular use of any **Insured** by any person or organization other than the **named Insured**.

**II. PERSONS INSURED - DIVISION 2:** Each of the following is an **insured** under this insurance to the extent set forth below:
(a) any person designated as **insured** in the schedule;
(b) while residents of the same household as such designated person, his spouse and the relatives of either;

and if such designated person shall die, any person who was an **insured** at the time of such death shall continue to be an **insured**.

**III. LIMIT OF LIABILITY:** Regardless of the number of (1) persons or organizations who are **insureds** under this policy, (2) persons who sustain **bodily injury**, (3) claims made or suits brought on account of **bodily injury**, or (4) **designated automobiles** to which this policy applies, the limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains **bodily injury** as the result of any one accident.

When more than one medical payments coverage afforded by this policy applies to the loss, the company shall not be liable for more than the amount of the highest applicable limit of liability.

**IV. ADDITIONAL DEFINITIONS:** The additional definitions applicable to **automobile bodily injury** liability insurance also apply to this insurance; and when used in reference to this insurance (including endorsements forming a part of the policy):

"**designated automobile**" means an **automobile** designated in the schedule and includes:
(a) an **automobile** not owned by the **named insured** while temporarily used as a substitute for an **owned automobile** designated in the schedule when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction; and
(b) a trailer designed for use with a **private passenger automobile**, if not being used for business purposes with another type **automobile** and if not a home, office, store, display or passenger trailer;

"**highway vehicle**" means a land motor vehicle or trailer other than
(a) a farm type tractor or other equipment designated for use principally off public roads, while not upon public roads;
(b) a vehicle operated on rails or crawler-treads, or
(c) a vehicle while located for use as a residence or premises;

"**medical expense**" means expenses for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services;

"**occupying**" means in or upon or entering into or alighting from.

**V. POLICY PERIOD; TERRITORY:** This insurance applies only to accidents which occur during the policy period within the policy territory.

**VI. ADDITIONAL CONDITIONS:**

**A. Medical Reports; Proof and Payment of Claim:** As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute and admission of liability of any person or, except hereunder, of the company.

**B. Excess Insurance:** Except with respect to an **owned automobile**, the insurance under Division 1 shall be excess insurance over any other valid and collectible automobile medical payments or automobile **medical expense** insurance.

The insurance under Division 2 shall be excess insurance over any other valid and collectible automobile medical payments or automobile **medical expense** insurance available to the **insured** under any other policy.

**C. Non-Applicability of Subrogation Condition:** The Subrogation Condition does not apply to the Automobile Medical Payments Coverage.

**Page 4**

PSXMAJ00007482
PSXCAN00010863

## SECTION C - UNINSURED MOTORISTS INSURANCE

**I. COVERAGE D - UNINSURED MOTORIST (Damages for Bodily Injury):** The company will pay all sums which the **insured** or his legal representative shall be legally entitled to recover as damages from the owner or operator of an **uninsured highway vehicle** because of **bodily injury** sustained by the **insured**, caused by accident and arising out of the ownership, maintenance or use of such **uninsured highway vehicle**; provided, for the purposes of this coverage, determination as to whether the **insured** or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the **insured** or such representative and the company or, if they fail to agree, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the **bodily injury** shall be conclusive, as between the **insured** and the company, of the issues of liability of such person or organization or of the amount of damages to which the **insured** is legally entitled unless such judgment is entered pursuant to an action prosecuted by the **insured** with the written consent of the company.

**Exclusions:** This insurance does not apply:
(a) to **bodily injury** to an **insured** with respect to which such **insured**, his legal representative or any person entitled to payment under this insurance shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;
(b) to **bodily injury** to an **insured** while **occupying** a **highway vehicle** (other than an **insured highway vehicle**) owned by the **named insured**, any **designated insured** or any relative resident in the same household as the **named or designated insured**, or through being struck by such a vehicle, but this exclusion does not apply to the **named insured** or his relatives while **occupying** or if struck by a **highway vehicle** owned by a **designated insured** or his relatives;
(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.

**II. PERSONS INSURED:** Each of the following is an **insured** under this insurance to the extent set forth below:
(a) the **named insured** and any **designated insured** and, while residents of the same household, the spouse and relatives of either;
(b) any other person while **occupying** an **insured highway vehicle**; and
(c) any person, with respect to damages he is entitled to recover because of **bodily injury** to which this insurance applies sustained by an **insured** under (a) or (b) above.

The insurance applies separately with respect to each **insured**, except with respect to the limits of the company's liability.

**III. LIMITS OF LIABILITY:** Regardless of the number of (1) persons or organizations who are

**insureds** under this policy, (2) persons who sustain **bodily injury**, (3) claims made or suits brought on account of **bodily injury**, or (4) **highway vehicles** to which this policy applies,
(a) The limit of liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of **bodily injury** sustained by one person as the result of any one accident and, subject to the above provision respecting "each person" the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages because of **bodily injury** sustained by two or more persons as the result of any one accident.
(b) Any amount payable under the terms of this insurance because of **bodily injury** sustained in an accident by a person who is an **insured** under this coverage shall be reduced by
    (1) all sums paid on account of such **bodily injury** by or on behalf of
        (i) the owner or operator of the **uninsured highway vehicle** and
        (ii) any other person or organization jointly or severally liable together with such owner or operator for such **bodily injury**, including all sums paid under the **bodily injury** liability coverage of the policy, and
    (2) the amount paid and the present value of all amounts payable on account of such **bodily injury** under any workmen's compensation law, disability benefits law or any similar law.
(c) Any payment made under this insurance to or for any **insured** shall be applied in reduction of the amount of damages which he may be entitled to recover from any person or organization who is an **insured** under the **bodily injury** liability coverage of the policy.
(d) The company shall not be obligated to pay under this insurance that part of the damages which the **insured** may be entitled to recover from the owner or operator of an **uninsured highway vehicle** which represents expenses for medical services paid or payable under the medical payments coverage of the policy.

**IV. POLICY PERIOD; TERRITORY:** This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

**V. ADDITIONAL DEFINITIONS:** When used in reference to this insurance (including endorsements forming a part of the policy):

**"designated insured"** means an individual named in the schedule under **Designated Insured**;

**"highway vehicle"** means a land motor vehicle or trailer other than
(a) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads,
(b) a vehicle operated on rails or crawler-treads, or
(c) a vehicle while located for use as a residence or premises;

Page 5

PSXMAJ00007483
PSXCAN00010864

"hit-and-run vehicle" means a **highway vehicle** which causes **bodily injury** to an **insured** arising out of physical contact of such vehicle with the **insured** or with a vehicle which the **insured** is **occupying** at the time of the accident, provided:

(a) there cannot be ascertained the identity of either the operator or owner of such **highway vehicle**;

(b) the **insured** or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the **insured** or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

(c) at the company's request, the **insured** or his legal representative makes available for inspection the vehicle which the **insured** was **occupying** at the time of the accident;

"insured highway vehicle" means a **highway vehicle**:

(a) described in the schedule as an **insured highway vehicle** to which the **bodily injury** liability coverage of the policy applies;

(b) while temporarily used as a substitute for an **insured highway vehicle** as described in subparagraph (a) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(c) while being operated by the **named** or **designated insured** or by the spouse of either if a resident of the same household;

but the term "insured highway vehicle" shall not include:

(i) a vehicle while used as a public or livery conveyance, unless such use is specifically declared and described in this policy;

(ii) a vehicle while being used without the permission of the owner;

(iii) under subparagraphs (b) and (c) above, a vehicle owned by the **named insured**, any **designated insured** or any resident of the same household as the **named** or **designated insured**; or

(iv) under subparagraphs (b) and (c) above, a vehicle furnished for the regular use of the **named insured** or any resident of the same household;

"occupying" means in or upon or entering into or alighting from;

"state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada;

"uninsured highway vehicle" means:

(a) a **highway vehicle** with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the **state** in which the **insured highway vehicle** is principally garaged, no **bodily injury** liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a **bodily injury** liability bond or insurance policy applicable at the time of the accident but the company writing the

same denies coverage thereunder or is or becomes insolvent; or

(b) a **hit-and-run vehicle**;

but the term "uninsured highway vehicle" shall not include:

(i) an **insured highway vehicle**,

(ii) a **highway vehicle** which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

(iii) a **highway vehicle** which is owned by the United States of America, Canada, a **state**, a political subdivision of any such government or an agency of any of the foregoing.

## VI. ADDITIONAL CONDITIONS

**A. Premium:** If during the policy period the number of **insured highway vehicles** owned by the **named insured** or spouse or the number of dealer's license plates issued to the **named insured** changes, the **named insured** shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, the **named insured** shall pay the excess to the company; if less, the company shall return to the **named insured** the unearned portion paid by such **insured**.

**B. Proof of Claim; Medical Reports:** As soon as practicable, the **insured** or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The **insured** and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

**C. Assistance and Cooperation of the Insured:** After notice of claim under this insurance, the company may require the **insured** to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the **bodily injury**; and in any action against the company, the company may require the **insured** to join such person or organization as a party defendant.

**D. Notice of Legal Action:** If, before the company makes payment of loss hereunder, the **insured** or his legal representative shall institute any legal action for **bodily injury** against any person or organization legally responsible for the use of a **highway vehicle** involved in the accident, a copy of the summons and

PSXMAJ00007484
PSXCAN00010865

complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the **insured** or his legal representative.

**E. Other Insurance:** With respect to **bodily injury** to an **insured** while **occupying** a **highway vehicle** not owned by the **named insured**, this insurance shall apply only as excess insurance over any other similar insurance available to such **insured** and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the **insured** has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

**F. Arbitration:** If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an **uninsured highway vehicle** because of **bodily injury** to the **insured**, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the **insured** and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

**G. Trust Agreement:** In the event of payment to any person under this insurance:
(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of. recovery of such person against any person or organization legally responsible for the **bodily injury** because of which such payment is made;
(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this insurance;
(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;
(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;
(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

**H. Payment of Loss by the Company:** Any amount due hereunder is payable
(a) to the **insured**, or
(b) if the **insured** be a minor to his parent or guardian, or
(c) if the **insured** be deceased to his surviving spouse, otherwise
(d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents;

provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

PSXMAJ00007485
PSXCAN00010866

## CONDITIONS

**1. Premium:** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the **named insured**, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the **named insured** the unearned portion paid by the **named insured**.

The **named insured** shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit:** The company shall be permitted but not obligated to inspect the **named insured's** property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the **named insured** or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the **named insured's** books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws:** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for **bodily injury** liability or for **property damage** liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The **insured** agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit:**

(a) In the event of an **occurrence**, written notice containing particulars sufficient to identify the **insured** and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the **insured**, the **insured** shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The **insured** shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the **insured** because of injury or damage with respect to which insurance is afforded under this policy; and the **insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The **insured** shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the **insured's** obligation to pay shall have been finally determined either by judgment against the **insured** after actual trial or by written agreement of the **insured**, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the **insured** or determine the **insured's** liability, nor shall the company be impleaded by the **insured** or his legal representative. Bankruptcy or insolvency of the **insured** or of the **insured's** estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance:** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the **insured** has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company (including any affiliated company) shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the

PSXMAJ00007486
PSXCAN00010867

remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company (including any affiliated company) shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation:** In the event of any payment under this policy, the company shall be subrogated to all the **insured's** rights of recovery therefor against any person or organization and the **insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The **insured** shall do nothing after loss to prejudice such rights.

**8. Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment:** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the **named insured** shall die, such insurance as is afforded by this policy shall apply (1) to the **named insured's** legal representative, as the **named insured**, but only while acting within the scope of his duties as such, and (2) with respect to the property of the **named insured**, to the person having proper temporary custody thereof, as **insured**, but only until the appointment and qualification of the legal representative.

**10. Cancellation:** This policy may be cancelled by the **named insured** by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the **named insured** at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the **named insured** or by the company shall be equivalent to mailing.

If the **named insured** cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**11. Declarations:** By acceptance of this policy, the **named insured** agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**In Witness Whereof,** the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.

*Secretary*                                    *President*

PSXMAJ00007487
PSXCAN00010868

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT (BROAD FORM)

This endorsement modifies the provisions of this policy relating to **ALL AUTOMOBILE LIABILITY AND MEDICAL PAYMENTS INSURANCE.**

It is agreed that:

I. This policy does not apply:

A. Under any Liability Coverage, to **bodily injury** or **property damage**
(1) with respect to which an **insured** under this policy is also an **insured** under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an **insured** under any such policy but for its termination upon exhaustion of its limit of liability; or
(2) resulting from the **hazardous properties** of **nuclear material** and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the **insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to **bodily injury** resulting from the **hazardous properties** of **nuclear material** and arising out of the operation of a **nuclear facility** by any person or organization.

C. Under any Liability Coverage, to **bodily injury** or **property damage** resulting from the **hazardous properties** of **nuclear material**, if
(1) the **nuclear material** (a) is at any **nuclear facility** owned by, or operated by or on behalf of, an **insured** or (b) has been discharged or dispersed therefrom;
(2) the **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an **insured;** or
(3) the **bodily injury** or **property damage** arises out of the furnishing by an **insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility,** but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to **property damage** to such **nuclear facility** and any property thereat.

II. As used in this endorsement:

**"hazardous properties"** include radioactive, toxic or explosive properties;

**"nuclear material"** means **source material, special nuclear material** or **byproduct material;**

**"source material," "special nuclear material",** and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

**"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor;**

**"waste"** means any waste material (1) containing **byproduct material** and (2) resulting from the operation by any person or organization of any **nuclear facility** included within the definition of **nuclear facility** under paragraph (a) or (b) thereof;

**"nuclear facility"** means
(a) any **nuclear reactor,**
(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing **spent fuel,** or (3) handling, processing or packaging **waste,**
(c) any equipment or device used for the processing, fabricating or alloying of **special nuclear material** if at any time the total amount of such material in the custody of the **insured** at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,
(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste,**
and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

**"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**"property damage"** includes all forms of radioactive contamination of property.

**NEW YORK EXCEPTION:** The "Nuclear Energy Liability Exclusion Endorsement (Broad Form)" does not apply to Automobile Liability Insurance in New York.

Page 10



**BASIC AUTOMOBILE LIABILITY POLICY**

STOCK COMPANY

*Canal Indemnity Company*

*P.O. Box 7 - Greenville, South Carolina - 29602-0007*

PSXMAJ00007489
PSXCAN00010870

## LETTER OF AGREEMENT

## COASTAL TRANSPORT ACCOUNT

## FOR POLICY NUMBER L060240 EFFECTIVE 5/1/07-5/1/08

## AGREEMENT MADE BY AND BETWEEN Canal Insurance Company (Canal), DELTA GENERAL AGENCY CORPORATION (Delta) AND THE TRANSPORTATION GROUP, LTD. (Transportation)

Canal, Delta and Transportation hereby agree that the collateral/deposit premium will be
       As respects either a cancellation or audit, if this collateral/deposit premium is not
enough to offset any deficiency in the earned premium due from Coastal Transport, such
deficiency will be split equally between these three (3) parties. The Canal portion of this three (3)
way split will be capped at          Transportation shall have 60 days to collect and pay the
earned premium due because of a cancellation or audit. Should Canal have any deficiency due
to this provision and collects monies directly from Coastal, Canal will not be obligated to pay any
commission on those monies collected directly from Coastal.

**CANAL INSURANCE COMPANY**

SIGNATURE _____     TITLE  V. P.     DATE  7-9-07

**DELTA GENERAL AGENCY CORPORATION**

SIGNATURE _____     TITLE  President     DATE  July 3, 2007

**THE TRANSPORTATION GROUP, LTD.**

| SIGNATURE | TITLE | DATE |
|-----------|-------|------|



**CANAL**
Greenville, SC

This notice modifies insurance provided under the following:

COMMERCIAL AUTO COVERAGE PART

# POLICYHOLDER DISCLOSURE
# NOTICE OF TERMINATION OF COMMERCIAL AUTO
# TERRORISM INSURANCE

Congress approved an extension to the Terrorism Risk Insurance Act of 2002 scheduled to terminate on December 31, 2005. The Terrorism Risk Insurance Extension Act of 2005 extends the original program for an additional two years to December 31, 2007; however, specifically eliminates terrorism coverage for commercial automobile liability and physical damage effective January 1, 2006. Coverage for acts of terrorism previously included in your policy are now specifically excluded effective January 1, 2006.

There is no material effect in your premium as the portion of your premium attributable to coverage for acts of terrorism was waived.

IA 91 CW 0106

Page 1 of 1

PSXMAJ00007491
PSXCAN00010872



# ENDORSEMENT

## GENERAL CHANGE

BILLABLE MILEAGE

1. FOR PURPOSES OF COMPUTING THE PREMIUM TO BE DEVELOPED HEREUNDER, THE NAMED ASSURED AGREES TO MAINTAIN COMPLETE AND ADEQUATE RECORDS AND AGREES TO FURNISH THE COMPANY OR ITS ACCREDITED REPRESENTATIVE ON OR BEFORE THE FIFTEENTH OF EACH CALENDAR MONTH, A STATEMENT OF BILLABLE MILEAGE FOR THE PREVIOUS CALENDAR MONTH, TOGETHER WITH EARNED PREMIUM COMPUTED ON THE BASIS OF RATE PER ONE HUNDRED MILES AS SHOWN BELOW. THE TERM BILLABLE MILEAGE AS USED HEREIN IS UNDERSTOOD TO INCLUDE AND SHALL INCLUDE ALL MILEAGE INCURRED BY THE NAMED ASSURED FOR OTHERS, FOR USE OF OR FOR THE TRANSPORT OF MERCHANDISE BY, SUCH AUTOMOBILES AS ARE OWNED OR HIRED BY THE NAMED ASSURED AND REGARDLESS OF WHETHER OR NOT SUCH CHARGES HAVE BEEN PAID TO THE NAMED ASSURED.

2. IT IS FURTHER UNDERSTOOD AND AGREED WITH RESPECT TO HIRED EQUIPMENT THAT SHOULD ANY OTHER LIKE, VALID AND COLLECTIBLE INSURANCE ISSUED IN THE NAME OF THE OWNER OR LESSOR, OR IN FAVOR OF THE NAMED ASSURED HEREIN, EXIST, THIS POLICY BECOMES EXCESS OVER AND ABOVE SUCH VALID AND COLLECTIBLE INSURANCE.

3. IT IS FURTHER UNDERSTOOD AND AGREED THAT THE COMPANY OR ANY OF ITS AUTHORIZED REPRESENTATIVES SHALL BE PERMITTED AT ANY TIME DURING THE TERM OF THIS INSURANCE OR WITHIN TWO YEARS THEREAFTER TO EXAMINE AND AUDIT ANY AND ALL OF THE ASSUREDS RECORDS FOR THE PURPOSE OF VERIFYING OR DETERMINING THE PREMIUM FOR THIS POLICY.

4. IN THE EVENT OF CANCELLATION OF THE POLICY BY THE ASSURED, THE EARNED PREMIUM SHALL BE COMPUTED ON THE CUSTOMARY SHORT RATE BASIS OF THE ANNUAL MINIMUM PREMIUM. CANCELLATION BY THE COMPANY FOR NON-PAYMENT OF PREMIUM SHALL BE CONSIDERED AS CANCELLATION BY THE ASSURED AND SUBJECT TO SHORT RATE CANCELLATION.

DEPOSIT PREMIUM:
ANNUAL MINIMUM PREMIUM:
MONTHLY MINIMUM PREMIUM:
MILEAGE RATE PER ONE HUNDRED MILES:

THE ABOVE IS BASED ON        OF THE ANNUAL PREMIUM -

Policy Number __L060240__    Endorsement Effective Time 12:01 AM _____    Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__                                    Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
## Canal Indemnity Company

Form 2-1-E                                                          (Rev. 12-1991)



PSXMAJ00007492
PSXCAN00010873



# ENDORSEMENT

## GENERAL CHANGE

LIABILITY POLICY--POLLUTION DEDUCTIBLE

IN CONSIDERATION OF THE PREMIUM CHARGED, IT IS HEREBY UNDERSTOOD AND AGREED THAT IN THE EVENT OF A CLAIM CAUSED BY POLLUTION AS COVERED BY THE EXCEPTION TO THE POLLUTION *EXCLUSION G. LOCATED IN INSURING AGREEMENT SECTION A, 1., OF THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED, A $15,000.00 DEDUCTIBLE SHALL APPLY TO LOSS AND/OR EXPENSE SEPARATELY OR COMBINED APPLICABLE TO EACH ACCIDENT. CANAL INDEMNITY COMPANY SHALL HANDLE THE INVESTIGATION AND ADJUSTMENT OF EACH CLAIM AND WILL PRESENT A BILL FOR REIMBURSEMENT UPON EARLIER OF COMBINED LOSS AND/OR EXPENSE PAYMENTS TOTALING $15,000.00 OR THE CLOSING OF ANY CLAIM FILE UPON COMPLETION OF INVESTIGATION OR SETTLEMENT. COASTAL TRANSPORT CO., INC. AGREES TO PROMPTLY REIMBURSE CANAL INDEMNITY COMPANY WITHIN 10 WORKING DAYS FROM RECEIPT OF EACH CLAIM FOR REIMBURSEMENT.

SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

I.  COVERAGE A - BODILY INJURY LIABILITY
    COVERAGE B - PROPERTY DAMAGE LIABILITY :
*EXCLUSIONS: THIS INSURANCE DOES NOT APPLY:
G.  TO BODILY INJURY OR PROPERTY DAMAGE ARISING OR OF THE DISCHARGE, DISPERSAL, RELEASE OR          ESCAPE OF SMOKE, VAPORS, SOOT, FUMES, ACIDS, ALKALIS, TOXIC CHEMICALS, LIQUIDS OR GASES, WASTE MATERIALS OR OTHER IRRITANT, CONTAMINANTS OR POLLUTANTS INTO OR UPON LAND, THE ATMOSPHERE OR ANY WATERCOURSE OR BODY OF WATER: BUT THIS EXCLUSION DOES NOT APPLY IF SUCH DISCHARGE, DISPERSAL, RELEASE OR ESCAPE IS SUDDEN AND ACCIDENTAL.


SIGNED-------------------------------------------------
DATED-------------------------------
  COASTAL TRANSPORT CO., INC. AUTHORIZED REPRESENTATIVE

---

Policy Number __L060240__     Endorsement Effective Time 12:01 AM _____     Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__                                          Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
## Canal Indemnity Company

Form 2-1-E                                                                    (Rev. 12-1991)



PSXMAJ00007493
PSXCAN00010874



**ENDORSEMENT**

## GENERAL CHANGE

IT IS HEREBY UNDERSTOOD AND AGREED THAT HIRED CAR AND NON-OWNED COVERAGE IS ADDED TO THE POLICY.  FORMS CA0909 HIRED CAR AND E 117 NON-OWNED ARE ATTACHED TO THE POLICY.

Policy Number __L060240__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__ Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature __DELTA GENERAL AGENCY CORP.__

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

## Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007494
PSXCAN00010875



## ENDORSEMENT

---

### GENERAL CHANGE

IN CONSIDERATION OF NO CHANGE IN PREMIUM, IT IS HEREBY AGREED THAT THE ATTACHED CONTRACTUAL LIABILITY ENDORSEMENT IS ADDED TO THE POLICY.

---

Policy Number __L060240__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__ Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
### Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007495
PSXCAN00010876



**ENDORSEMENT**

## GENERAL CHANGE

IT IS AGREED THAT SEAN BREEN, TRUSTEE FOR COASTAL TRANSPORT CO. EMPLOYEES STOCK OWNERSHIP PLAN,1603 ACKERMAN RD, SAN ANTONIO, TX  78219, IS AN INSURED FOR BASIC AUTO LIABILITY INSURANCE, BUT ONLY TO THE EXTENT THAT PERSON OR ORGANIZATION QUALIFIES AS AN INSURED UNDER THE PERSONS INSURED PROVISION CONTAINED IN SECTION A, PARAGRAPH III OF THE POLICY .

Policy Number __L060240____ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC_____ Expiration Date __05/01/2008__

Issue Date __05/08/2007 Authorized Signature _____DELTA GENERAL AGENCY CORP._____

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
### Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007496
PSXCAN00010877



## ENDORSEMENT

## GENERAL CHANGE

IT IS AGREED THAT R L ATWELL, JR FAMILY TRAUST,1603 ACKERMAN RD, SAN ANTONIO, TX 78219, IS AN INSURED FOR BASIC AUTO LIABILITY INSURANCE, BUT ONLY TO THE EXTENT THAT PERSON OR ORGANIZATION QUALIFIES AS AN INSURED UNDER THE PERSONS INSURED PROVISION CONTAINED IN SECTION A, PARAGRAPH III OF THE POLICY .

Policy Number __L060240__     Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__                                    Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
## Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007497
PSXCAN00010878



# ENDORSEMENT

## GENERAL CHANGE

IT IS AGREED THAT ATWELL FAMILY INVESTMENTS, LTD,1603 ACKERMAN RD, SAN ANTONIO, TX 78219, IS AN INSURED FOR BASIC AUTO LIABILITY INSURANCE, BUT ONLY TO THE EXTENT THAT PERSON OR ORGANIZATION QUALIFIES AS AN INSURED UNDER THE PERSONS INSURED PROVISION CONTAINED IN SECTION A, PARAGRAPH III OF THE POLICY .

Policy Number __L060240__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__ Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
### Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007498
PSXCAN00010879



## ENDORSEMENT

## GENERAL CHANGE

IT IS AGREED THAT ATWELL CLASSIC CARS, LTD,1603 ACKERMAN RD, SAN ANTONIO, TX 78219, IS AN INSURED FOR BASIC AUTO LIABILITY INSURANCE, BUT ONLY TO THE EXTENT THAT PERSON OR ORGANIZATION QUALIFIES AS AN INSURED UNDER THE PERSONS INSURED PROVISION CONTAINED IN SECTION A, PARAGRAPH III OF THE POLICY .

Policy Number __L060240__    Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__    Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
### Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007499
PSXCAN00010880



## ENDORSEMENT

## GENERAL CHANGE

IT IS AGREED THAT COATAL TRANSPORT CO., INC 401K PLAN,1603 ACKERMAN RD, SAN
ANTONIO, TX 78219, IS AN INSURED FOR BASIC AUTO LIABILITY INSURANCE, BUT ONLY TO
THE EXTENT THAT PERSON OR ORGANIZATION QUALIFIES AS AN INSURED UNDER THE PERSONS
INSURED PROVISION CONTAINED IN SECTION A, PARAGRAPH III OF THE POLICY .

Policy Number __L060240__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__ Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
### Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007500
PSXCAN00010881



# ENDORSEMENT

## GENERAL CHANGE

IT IS AGREED THAT COASTAL TRANSPORT CO., INC FLEXIBLE BENEFIT PLAN, 1603 ACKERMAN RD, SAN ANTONIO, TX 78219, IS AN INSURED FOR BASIC AUTO LIABILITY INSURANCE, BUT ONLY TO THE EXTENT THAT PERSON OR ORGANIZATION QUALIFIES AS AN INSURED UNDER THE PERSONS INSURED PROVISION CONTAINED IN SECTION A, PARAGRAPH III OF THE POLICY .

Policy Number __L060240__     Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__                                      Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
## Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007501
PSXCAN00010882



## ENDORSEMENT

## GENERAL CHANGE

IT IS AGREED THAT BLAKE ATWELL 1986 IRREVOCABLE TRUST, 1603 ACKERMAN RD, SAN ANTONIO, TX 78219, IS AN INSURED FOR BASIC AUTO LIABILITY INSURANCE, BUT ONLY TO THE EXTENT THAT PERSON OR ORGANIZATION QUALIFIES AS AN INSURED UNDER THE PERSONS INSURED PROVISION CONTAINED IN SECTION A, PARAGRAPH III OF THE POLICY .

Policy Number __L060240__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__ Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
### Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007502
PSXCAN00010883



## ENDORSEMENT

## GENERAL CHANGE

THIS POLICY COVERS AUTOS THAT ARE 10,000 LBS GROSS VEHICLE WEIGHT OR MORE .
VEHICLES 10,000 LBS GROSS WEIGHT AND UNDER ARE NOT COVERED UNDER THIS POLICY.

Policy Number __L060240__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __05/01/2007__

Insured __COASTAL TRANSPORT CO., INC__ Expiration Date __05/01/2008__

Issue Date __05/08/2007__ Authorized Signature _____ __DELTA GENERAL AGENCY CORP.__

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
## Canal Indemnity Company

Form 2-1-E



(Rev. 12-1991)

PSXMAJ00007503
PSXCAN00010884



**ENDORSEMENT**

## GENERAL CHANGE

ADDITIONAL INSURED ENDORSEMENT

IT IS HEREBY UNDERSTOOD AND AGREED, THAT NOT WITHSTANDING THE CONTRACTUAL LIABILITY EXCLUSION A OF THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED, SUCH INSURANCE AS IS AFFORDED HEREIN SHALL APPLY AS ADDITIONAL INSURED COVERAGE TO ANY COMPANY WITH WHICH THE NAMED INSURED HAS A CONTRACT IN WRITING PRIOR TO AN OCCURRENCE, AGREEING TO PROVIDE PROTECTION FOR LIABILITY CLAIMS ARISING OUT OF THE NAMED INSURED'S OPERATION OF VEHICLES INSURED HEREUNDER. WHERE REQUIRED BY CONTRACT IN WRITING, IT IS AGREED SUBROGATION RIGHTS AGAINST THE ADDITIONAL INSURED ARE WAIVED UNLESS CAUSED SOLELY BY THE ADDITIONAL INSURED. IN THE EVENT OF CANCELLATION, NOTICE WILL BE SENT ONLY TO THE NAMED INSURED.

EFFECTIVE :   05/01/07

Policy Number  L060240         Endorsement Effective Time 12:01 AM _____   Endorsement Effective Date  05/01/2007

Insured  COASTAL TRANSPORT CO., INC                                                                Expiration Date  05/01/2008

Issue Date   05/08/2007 Authorized Signature _____   DELTA GENERAL AGENCY CORP.

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
## Canal Indemnity Company

Form 2-1-E

(Rev. 12-1991)

PSXMAJ00007504
PSXCAN00010885



## ENDORSEMENT

## OCCUPANT HAZARD EXCLUDED

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

It is further agreed that, in the event the company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expenses paid or incurred by the company.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Indemnity Company

Greenville, South Carolina

Form 2-4-E

(Rev. 12-1991)

PSXMAJ00007505
PSXCAN00010886



## ENDORSEMENT

### ERRONEOUS DELIVERY OF LIQUID PRODUCTS

It is agreed that the insurance with respect to any **automobile** does not apply to **bodily injury** or **property damage** arising out of the delivery of any liquid product into a wrong receptacle or to a wrong address or the erroneous delivery of one liquid product for another, if the **bodily injury** or **property damage** occurs after such operations have been completed or abandoned at the site of such delivery. Operations which may require further service or maintenance work, or correction, repair or replacement because of performance at the wrong address or because of any error, defect or deficiency, but which are otherwise complete, shall be deemed completed.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Indemnity Company
Greenville, South Carolina

Form 2-18-E

(Rev. 1-1994)

PSXMAJ00007506
PSXCAN00010887



**ENDORSEMENT**

## GROSS RECEIPTS

1. For purposes of computing the premium to be developed hereunder, the named assured agrees to maintain complete and adequate records and agrees to furnish the Company or its accredited representative on or before the fifteenth of each calendar month, a statement of gross receipts for the previous calendar month, together with earned premium computed on the basis of rate per one hundred dollars of gross receipts as shown below. The term "gross receipts" as used herein is understood to include and shall include all charges made by the named assured to others, for use of or for the transport of merchandise by, such automobiles as are owned or hired by the named assured and regardless of whether or not such charges have been paid to the named assured.

2. It is further understood and agreed with respect to hired equipment that should any other like, valid and collectible insurance issued in the name of the owner or lessor, or in favor of the named assured herein, exist, this policy becomes excess over and above such valid and collectible insurance.

3. It is further understood and agreed that the Company or any of its authorized representatives shall be permitted at any time during the term of this insurance or within two years thereafter to examine and audit any and all of the assured's records for the purpose of verifying or determining the premium for this policy.

4. In the event of cancellation of the policy by the assured, the earned premium shall be computed on the customary short rate basis of the annual minimum premium. Cancellation by the Company for non-payment of premium shall be considered as cancellation by the assured and subject to short rate cancellation.

   Deposit Premium:
   Annual Minimum Premium:
   Monthly Minimum Premium:
   Gross Receipts Rate:

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Indemnity Company

Greenville, South Carolina

Form 2-32-E

(Rev. 12-1991)



## ENDORSEMENT

## TRUCKMAN'S ENDORSEMENT

In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that no coverage is extended to any person, firm or organization using the described automobile pursuant to any lease, contract of hire, bailment, rental agreement, or any similar contract or agreement either written or oral, expressed or implied, the terms and provisions of the Insuring Agreement III of Section A, entitled "Persons Insured" notwithstanding.

In the event the automobile described in this policy is being used or maintained pursuant to any lease, contract of hire, bailment, rental agreement or any similar contract or agreement, either written or oral, expressed or implied, the insurance afforded the named insured shall be excess insurance over any other insurance.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Indemnity Company

Greenville, South Carolina

Form 2-45-E

(Rev. 12-1991)

PSXMAJ00007508
PSXCAN00010889

Copy of Image
**ENDORSEMENT**

## SETTLEMENT NOTICE
## LIABILITY

The company will notify the named insured in writing of any initial offer to settle a claim against the insured within ten days after the date on which the offer was made. The company also will notify the named insured in writing of any settlement of a claim against the insured within thirty days after the date of the settlement.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Indemnity Company

Greenville, South Carolina

Form 2-50L-E TX

Copy of image

(Rev. 5-1992)

PSXMAJ00007509
PSXCAN00010890



## ENDORSEMENT

## SINGLE LIMIT OF LIABILITY

### COVERAGES

Bodily Injury Liability and Property Damage Liability
Uninsured and Underinsured Motorist Coverage

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to **Bodily Injury** Liability and **Property Damage** Liability are amended to read as follows:

### LIMITS OF LIABILITY

Regardless of the number of **(1) insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage** or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

### Bodily Injury Liability and Property Damage Liability:

The limit of liability stated in the schedule of the policy as applicable to "each **occurrence**" is the total limit of the company's liability for all damages because of **bodily injury**, including damages for care and loss of services, or **property damage** as a result of any one **occurrence**, provided that with respect to any one **occurrence** for which notice of this policy is given in lieu of security or when this policy is certified as proof of financial responsibility under the provisions of the Motor Vehicle Financial Responsibility Law of any state or province such limit of liability shall be applied to provide the separate limits required by such law for **bodily injury** liability and for **property damage** liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the company's liability.

### Uninsured and Underinsured Motorist Coverage:

Whenever Uninsured and/or Underinsured Motorist Coverage has been purchased, Combined Single Limits will be amended to afford Split Limits as required by law.

### EXCESS POLICY

IT IS FURTHER UNDERSTOOD AND AGREED THAT WHEN THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED IS AN EXCESS POLICY, THE COMPANY'S LIMIT OF LIA-BILITY SHALL NOT EXCEED 100% OF THE DIFFERENCE BETWEEN THE PRIMARY OR UNDERLYING LIMITS OF LIABILITY AS STATED IN THE POLICY AND TOTAL LIMITS OF PRIMARY AND EXCESS.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Indemnity Company

Greenville, South Carolina

Form 2-102-E

(Rev. 11-1993)

PSXMAJ00007510
PSXCAN00010891

Copy of Image

## AMENDATORY ENDORSEMENT

.

### SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

**PART I**    **COVERAGE A - BODILY INJURY LIABILITY - - COVERAGE B - PROPERTY DAMAGE LIABILITY**

EXCLUSIONS: The following are added:

(h) to bodily injury or property damage resulting from the movement of property by mechanical device (other than a hand truck) unless the device is attached to an **owned automobile** or **temporary substitute automobile;**

(i) to **bodily injury** or **property damage** arising out of the **named insured's** work after that work has been completed or abandoned. In this exclusion, the **named insured's** work means:

(1) work or operations performed by the **named insured** or on behalf of the **named insured;** and
(2) materials, parts or equipment furnished in connection with such work or operations.

The **named insured's** work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in paragraphs **1.** or **2.** above.

The **named insured's** work will be deemed completed at the earliest of the following times:

(1) when all of the work called for in the **named insured's** contract has been completed.
(2) when all of the work to be done at the site has been completed if the **named insured's** contract calls for work at more than one site.
(3) when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed;

(j) to **bodily injury** or **property damage** arising out of the operation of the following:

(1) cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
(2) air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

# Canal Indemnity Company

Greenville, South Carolina

Form 2-125-E

Copy of Image

(Rev. 4-1999)

PSXMAJ00007511
PSXCAN00010892



Copy of Image

## UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURANCE ENDORSEMENT

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

2. The Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance has been filed with the State Commissions indicated below hereof.

3. This endorsement may not be canceled without cancellation of the policy to which it is attached.  Such cancellation may be effected by the company or the insured giving thirty (30) days' notice in writing to the State Commission with which such certificate has been filed, such thirty (30) days' notice to commence to run from the date the notice is actually received in the office of such Commission.

Attached to and forming part of Policy No.  **L060240**

issued by  **Canal Indemnity Company**  , herein called

Company, of  **Greenville, South Carolina**

to  **COASTAL TRANSPORT CO., INC**

of  **1603 ACKERMAN RD SAN ANTONIO, TX 78219**

Dated at  HOUSTON, TX 77081  this  8th  day of  May  20 07

Countersigned by  DELTA GENERAL AGENCY CORP.

Authorized Representative

### X - - INDICATES STATE COMMISSIONS WITH WHOM UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE HAS BEEN FILED.

| ALABAMA | | HAWAII | | MICHIGAN | | NORTH CAROLINA | | UTAH | X |
|---|---|---|---|---|---|---|---|---|---|
| ALASKA | | IDAHO | | MINNESOTA | | NORTH DAKOTA | | VERMONT | |
| ARIZONA | | ILLINOIS | | MISSISSIPPI | | OHIO | | VIRGINIA | |
| ARKANSAS | | INDIANA | | MISSOURI | | OKLAHOMA | | WASHINGTON | |
| CALIFORNIA | X | IOWA | | MONTANA | | OREGON | X | WEST VIRGINIA | |
| COLORADO | X | KANSAS | | NEBRASKA | | PENNSYLVANIA | | WISCONSIN | |
| CONNECTICUT | | KENTUCKY | | NEVADA | | RHODE ISLAND | | WYOMING | |
| DELAWARE | | LOUISIANA | X | NEW HAMPSHIRE | | SOUTH CAROLINA | | ICC - MC120430 | |
| DISTRICT OF COLUMBIA | | MAINE | | NEW JERSEY | | SOUTH DAKOTA | | E-103 | |
| FLORIDA | | MARYLAND | | NEW MEXICO | | TENNESSEE | | | |
| GEORGIA | | MASSACHUSETTS | | NEW YORK | | TEXAS | X | | |

MC1632 (Ed. 6-71)

IRB 3538 A

PSXMAJ00007512
PSXCAN00010893

Copy of Image

**IMPORTANT NOTICE:** This insurance contract is with an insurer not licensed to transact insurance in this state and is issued and delivered as a surplus line coverage pursuant to the Texas insurance statutes. The State Board of Insurance does not audit the finances or review the solvency of the surplus lines insurer providing this coverage, and this insurer is not a member of the property and casualty insurance guaranty association created under Article 21.28-C, Insurance Code. Article 1.14-2, Insurance Code, requires payment of 4.85 percent tax on gross premium.

TX-1

Copy of image

CANAL Copy of Image

# NOTICE

IN ORDER TO GIVE YOU, OUR INSURED, THE BEST SERVICE POSSIBLE, WE MAY NEED
TO VERIFY AND/OR OBTAIN ADDITIONAL UNDERWRITING INFORMATION FROM YOU. TO
DO THIS, WE WILL CONTACT YOU DIRECTLY FROM THE HOME OFFICE OR EMPLOY THE
SERVICES OF A THIRD PARTY REPORTING AGENCY SUCH AS FARA RISK CONTROL OR
OVERLAND SOLUTIONS. THEREFORE, WHEN YOU ARE CONTACTED BY A REPRESENTA-
TIVE OF OR ON BEHALF OF CANAL, PLEASE GIVE HIM OR HER YOUR FULL COOPERATION
IN PROVIDING INFORMATION RELATIVE TO YOUR OPERATION, VEHICLES, DRIVERS, ETC.
YOUR ASSISTANCE WILL BE GREATLY APPRECIATED.

Form D-83                                                                    (Rev. 4-2005)


Copy of Image

PSXMAJ00007514
PSXCAN00010895



<div style="border: 2px solid;">

## CLAIMS REPORTING INFORMATION NOTICE

# 800-452-6911

**Online Claim reporting is also available at www.canal-ins.com**

**To All Canal Insureds:**

Many accidents result in damages which require immediate attention in order to prevent further loss. When a serious bodily injury, a hazardous spill which may impact the environment or damage to perishable cargo has occurred, please call the Canal Claims Reporting number listed above as soon as possible to report the claim.

When reporting a loss, please be prepared to give the following information:

* Insured name, driver and policy number
* Insured Vehicle Information (make, model and VIN)
* Exact location of the occurrence
* Description of the occurrence
* Type of loss and any environment affected
* Other persons or vehicles involved
* A contact number for someone at the scene

Please communicate these procedures to all drivers and claim reporting personnel. We appreciate your business and assistance in providing prompt notice of accidents.

</div>

2-101-D CL

(Rev. 1-2003)

PSXMAJ00007515
PSXCAN00010896



**CANAL INDEMNITY COMPANY**

| | |
|---|---|
| **IMPORTANT NOTICE** | **AVISO IMPORTANTE** |

To obtain information or make a complaint:

You may contact your General Agent,
  DELTA GENERAL AGENCY CORP.

  7135702700

You may call Canal Indemnity Company's telephone number collect for information or to make a complaint at:

**1-864-242-5365**

You may also write to Canal Indemnity at:

400 East Stone Avenue
Greenville, SC 29601

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

**1-800-252-3439**

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX 78714-9104
FAX# (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:**
Should you have a dispute concerning your premium or about a claim, you should contact the agent first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:**
This notice is for information only and does not become a part or condition of the attached document.

---

Para obtener informacion o para someter una queja:

Puede comunicarse con su Agente General,

Usted puede llamar al numero de telefono gratis de Canal Indemnity's para informacion a para someter una queja al:

**1-864-242-5365**

Usted tambien puede escribir a Canal Indemnity Company:

400 East Stone Avenue
Greenville, SC 29601

Puede comunicarse con el Departmento de Seguros de Texas para obtener informacion acera de companieas, coberturas, derechos o quejas al:

**1-800-252-3439**

Puede escribir al Departmento de Seguros de Texas:

P.O. Box 149104
Austin, TX 78714-9104
FAX# (512) 475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:**
Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:**
Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

Form 2-101-D TX

(Rev. 1-1996)

PSXMAJ00007516
PSXCAN00010897

Copy of Image

**U.S Department of Transportation**

Federal Motor Carrier
Safety Administration

Form Approved:
OMB NO: 2126-0008

## ENDORSEMENT FOR
## MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY
## UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980

Issued to COASTAL TRANSPORT CO., INC of 1603 ACKERMAN RD SAN ANTONIO, TX 78219

Dated at HOUSTON, TX this 8TH day of MAY , 20 07

Amending Policy No. L060240 Effective Date MAY 1, 2007

Name of Insurance Company CANAL INSURANCE COMPANY

Countersigned by
DELTA GENERAL AGENCY CORP.

Authorized Company Representative

The policy to which this endorsement is attached provides primary or excess insurance, as indicated by "[X]", for the limits shown:

[X] This insurance is primary and the company shall not be liable for amounts in excess of $ 0\0 for each accident.

☐ This insurance is excess and the company shall not be liable for amounts in excess of $_____ for each accident in excess of the underlying limit of $_____ for each accident.

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA, to verify that the policy is in force as of a particular date. The telephone number to call is (864) 242-5365 .

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date notice is received by the FMCSA at its office in Washington, D.C.).

## DEFINITIONS AS USED IN THIS ENDORSEMENT

*Accident* includes continuous or repeated exposure to conditions or which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

*Motor Vehicle* means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

*Bodily Injury* means injury to the body, sickness, or disease to any person, including death resulting from any of these.

*Property Damage* means damage to or loss of use of tangible property.

*Environmental Restoration* means restitution for the loss, damage or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish and wildlife.

*Public Liability* means liability for bodily injury, property damage, and environmental restoration.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liabil-

ity herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from liability of the company for the payment of final judgments resulting from any other accident.

THE SCHEDULE OF LIMITS SHOWN ON THE REVERSE SIDE DOES NOT PROVIDE COVERAGE. The limits shown in the schedule are for information purposes only.
Form MCS-90 (4/2000)



PSXMAJ00007517
PSXCAN00010898

Copy of Image

## SCHEDULE OF LIMITS - *PUBLIC LIABILITY*

| Type of carriage | Commodity transported | Jan. 1, 1985 |
|---|---|---|
| (1) For-hire (in interstate or foreign commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Property (non-hazardous)................................................................................... | $750,000 |
| (2) For-hire and Private (in interstate, foreign, or intrastate commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Hazardous substances, as defined in 49 CFR 171.8, transported in cargo tanks, portable tanks, or hopper-type vehicles with capacities in excess of 3,500 water gallons; or in bulk Division 1.1, 1.2, and 1.3 materials, Division 2..3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; in bulk Division 2.1 or 2.2; or highway route controlled quantities of a Class 7 material, as defined in 49 CFR 173.403. | $5,000,000 |
| (3) For-hire and Private (in interstate or foreign commerce, in any quantity; or in intrastate commerce, in bulk only; with a gross vehicle weight rating of 10,000 or more pounds). | Oil listed in 49 CFR 172.101; hazardous waste, hazardous materials and hazardous substances defined in 49 CFR 171.8 and listed in 49 CFR 172.101, but not mentioned in (2) above or (4) below | $1,000,000 |
| (4) For-hire and Private (in interstate or foreign commerce, with a gross vehicle weight rating of less than 10,000 pounds). | Any quantity of Division 1.1, 1.2, or 1.3 material; any quantity of a Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; or highway route controlled quantities of a Class 7 material as defined in 49 CFR 173.403. | $5,000,000 |
|  |  |  |

