# EXHIBIT B
# TO ENGSTROM DECL.



**ReedSmith**
Driving progress
through partnership

Reed Smith LLP
Three Logan Square
Suite 3100
1717 Arch Street
Philadelphia, PA 19103
+1 215 851 8100
Fax +1 215 851 1420
reedsmith.com

John N. Ellison
Direct Phone: +1 215 241 1210
Email: jellison@reedsmith.com

July 23, 2019

**Via Email (achristian@cdslawfirm.com) and U.S. Mail**

Alison R. Christian
Christian, Dichter & Sluga, P.C.
2700 N. Central Ave. Suite 1200
Phoenix, Arizona 85004

**Canal Claim No.: L514682**
**Canal's Insured: Coastal Transport Co., Inc.**
**Case: Major v. SFPP, L.P., et al., Maricopa County Superior Court Case No. CV2018-003217**

Dear Ms. Christian:

   We represent Phillips 66 in connection with its claim for insurance coverage for the Major v. SFPP, L.P., et al. matter in Maricopa County ("Major Lawsuit"). We write to demand that Canal Insurance Company ("Canal") agree to fund the settlement of the Major Lawsuit.

   By email dated July 4, 2019, counsel for Phillips 66 provided Canal Insurance Company ("Canal") with the latest demand of $300,000 in this matter. As you are aware, this demand is well under the limits of both the automobile liability and commercial general liability policies issued by Canal, and significantly lower than plaintiff's initial demand of $650,000.

   To date, Phillips 66 has provided all information in response to Canal's requests for information, and has provided Canal with settlement evaluations from underlying defense counsel. Canal is also aware that the settlement demand conveyed on July 4 was open until July 16. Nonetheless, Canal did not respond until July 10, 2019 with a delayed reservation of rights and requests for additional information.

   In response, on July 12, 2019, Phillips 66 provided expert reports, an analysis of Arizona law concerning expert-related challenges and underlying defense counsel's most recent liability analysis.[1] On July 16, 2019, Canal informed Phillips 66 that it would not contribute any funds to the settlement of this matter, despite receiving responses to its requests for information and an evaluation from underlying defense counsel regarding the reasonableness of this settlement. Phillips 66 responded by email on July 16, 2019 providing additional information and details of the case, yet Canal has still refused to contribute to the settlement.

---

[1] Reed Smith will supplement Phillips 66's response to Canal's July 10, 2018 reservation of rights separately.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-148225332.1-SDENGSTR 07/23/2019 2:34 PM

Alison R. Christian  
July 23, 2019  
Page 2

ReedSmith

In addition to asserting various coverage defenses, Canal insists on appointing panel counsel in this matter as a condition of providing a defense. Canal's insistence on appointing panel counsel nine months after receiving notice of the claim is prejudicial to the defense of this matter. Not only has Canal taken a coverage position that is directly adverse to Phillips 66's interest, it has delayed in agreeing to defend Phillips 66.[2] It is simply too late for Canal to insist on a change of counsel, particularly where Phillips 66 is in a position to settle the case.

Phillips 66 has an opportunity to settle this matter for $300,000, if not under that amount. Canal is also aware that based on the information provided by Phillips 66, the Major Lawsuit is within the scope of coverage of Canal's policies. Settlement for $300,000 or under is prudent in light of the potential exposure in this matter and the significant attorneys' fees that will be incurred going forward.

Accordingly, Phillips 66 demands that Canal agree to contribute to the settlement of the Major Lawsuit. This demand does not include Phillips 66's claims for expenses and defense costs as outlined in Phillips 66 correspondence of July 16, 2019. As stated in that correspondence, Phillips 66 reserves all rights as to those fees and expenses.

The consequences facing Canal under Arizona law for failing to settle the Major Lawsuit within the limits of the Canal policies are significant. When an insurer refuses to consider settlement opportunities because the company does not believe that the policy provides coverage for the claim, it acts at its peril even if the company has an "honest though erroneous" belief that the policy does not provide coverage. *See Acosta v. Phoenix Indem. Ins. Co.*, 153 P.3d 401, 405 (Ariz. App. Ct. 2007); *State Farm Auto. Ins. Co. v. Civil Service Emp. Ins. Co.*, 509 P.2d 725, 733 (Ariz. App. Ct. 1973). Moreover, Arizona law recognizes that the insurer in such circumstances will be liable for any judgment subsequently entered against the insured in excess of policy limits, unless the insurer satisfies its "heavy burden" to show that an application of the "equality of consideration" test would not have required acceptance of the settlement offer. *State Farm*, 509 P.2d at 733-34; *see also Parsons v. Cont'l Nat. Am. Group*, 550 P.2d 94, 100 (Ariz. 1976) (insurer held liable for judgment against policyholder in excess of policy limits where insurer could have settled claim against policyholder well within the policy limits but refused to do so based on its belief that there was no coverage under the policy). Canal's duty to act in good faith in settling within policy limits is the same under Texas law, as are the consequences for failure to settle. *See Stowers Furniture Co. v. American Indemn. Co.* 15 S.W.2d 544, 547-48 (Tex. Comm'n App. 1929) (liability insurer has an implied duty to accept reasonable settlement demands within policy limits).

Canal now has an opportunity to contribute to the settlement of the Major Lawsuit well within the limits of Canal's automobile liability policies and commercial general liability policies. Moreover, the exposure potentially may exceed the $1,000,000 limits of liability of the applicable Canal policies if the plaintiffs in the Major Lawsuit succeed at trial. This letter puts Canal on notice of the foreseeable harm to Phillips 66 if Canal refuses to assist in settlement. Should Canal refuse to honor its good faith obligation

---

[2] Canal has had notice of this claim since October 2018, initially denied coverage five months later in March 2019, did not agree to defend the claim until May 2019, and only finally issued its reservation of rights on July 10, 2019.

Alison R. Christian  ReedSmith
July 23, 2019
Page 3

to settle within policy limits, Phillips 66 will hold Canal responsible for any and all consequences of this misconduct without regard to the policy limits contained in the Canal policies.

Please contact us by no later than the close of business on July 25 to confirm Canal's agreement to participate in the settlement of the Major Lawsuit.

In the meantime, Phillips 66 continues to reserve all of its rights with respect to these matters, at law, under the policies, and otherwise.

Very truly yours,

John N. Ellison
Reed Smith LLP

JNE:kak

cc: Shruti D. Engstrom
    Matt H. Oglesby