UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CANAL INDEMNITY COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-02945 |
| § | |
| COASTAL TRANSPORT CO., INC., et al. § | |
| § | |
| Defendants. § | |

### DECLARATION OF MATTHEW H. OGLESBY, ESQ. IN SUPPORT OF PHILLIPS 66 COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF CANAL INDEMNITY COMPANY

I, Matthew H. Oglesby, declare:

1. My name is Matthew H. Oglesby and I am over the age of 21 years. I have personal knowledge of the facts stated in this Declaration.

2. I am Senior Counsel of Litigation of Phillips 66 Company ("Phillips 66").

3. Phillips 66 is the successor in interest to ConocoPhillips Company ("COP"). Phillips 66 and Coastal Transport Company, Inc. ("Coastal") entered into several successive agreements called Master Motor Carrier Services Agreement ("MMCSA") from 1997 to 2008 in which Coastal agreed to provide Phillips 66 motor carrier services for transportation of certain freight. A true and correct copy of a MMCSA is attached as Exhibit A to my Affidavit of February 4, 2020 which was filed with this Court on February 7, 2020 (Doc. 63-2).

4. By agreement dated March 21, 2012, Coastal consented to the assignment of the MMCSA to P66, as successor in interest to COP. A true and correct copy of the March 21, 2012 Assignment Agreement is attached as Exhibit B to my Affidavit of February 4, 2020 which was filed with this Court on February 7, 2020 (Doc. 63-2).

5. The Underlying Suit alleges two causes of action: 1) negligence (premises liability) and (2) negligence (failure to warn). A true and correct copy of the Complaint in the Underlying Suit is attached as Exhibit C to my Affidavit of February 4, 2020, which was filed with this Court on February 7, 2020 (Doc. 63-2).

6. Canal provided Phillips 66 copies of the multiple successive insurance policies it issued to Coastal. Included among the multiple successive auto liability policies provided by Canal are: 1) Policy No. L037755 for the policy period March 15, 2005 to May 1, 2006 (the "2005 Auto Policy"); 2) Policy No. L045542 for the policy period May 1, 2006 to May 1, 2007 (the "2006 Auto Policy"); and 3) Policy No. L060240 for the policy period May 1, 2007 to May 1, 2008 (the "2007 Auto Policy") (collectively, "the Auto Policies"). A true and correct copy of the auto liability policies are attached as Exhibit N to my Affidavit of February 4, 2020, which was filed with this Court on February 7, 2020 (Doc. 63-2).

7. Included among the multiple successive commercial general liability policies provided to by Canal are: (1) Policy No. CGL014511 for the policy period March 15, 2005 to May 1, 2006 (the "2005 CGL Policy"); 2) Policy No. CGL014515 for the policy period May 1, 2006 to May 1, 2007 (the "2006 CGL Policy"); and 3) Policy No. PDA002 48901 for the policy period May 1, 2007 to May 1, 2008 (the "2007 CGL Policy") (collectively, "the CGL Policies"). A true and correct copy of the commercial general liability policies attached as Exhibit O to my Affidavit of February 4, 2020, which was filed with this Court on February 7, 2020 (Doc. 63-2).

8. By letter dated November 14, 2018, Canal acknowledged that it received Phillips 66's tender of the Underlying Suit to Coastal on October 31, 2018. A true and correct copy of the November 14, 2018 letter is attached as Exhibit E to my Affidavit of February 4, 2020, which was filed with this Court on February 7, 2020 (Doc. 63-2).

9. By letter dated March 18, 2019, four months after acknowledging receipt of Phillips 66's tender, Canal denied coverage for the Underlying Suit. A true and correct copy of the March 18, 2019 letter is attached as Exhibit G to my Affidavit of February 4, 2020, which was filed with this Court on February 7, 2020 (Doc. 63-2).

10. By letter dated April 10, 2019, Phillips 66 informed Canal that National Interstate Insurance Company ("National Interstate"), Coastal's insurance company from 2009 onwards, accepted Phillips 66's tender for the Underlying Suit, and further requested that Canal reconsider its denial. A true and correct copy of the April 10, 2019 letter is attached hereto as Exhibit A.

11. On May 28, 2019, Canal reversed course and informed Phillips 66 that it accepted Phillips 66's additional insured tender of the Underlying Suit and agreed to defend it pursuant to a reservation of rights. A true and correct copy of the May 28, 2019 email is attached as Exhibit I to my Affidavit of February 4, 2020, which was filed with this Court on February 7, 2020 (Doc. 63-2). Canal sent its reservation of rights letter six weeks later on July 10, 2019. A true and correct copy of the July 10, 2019 letter is attached as Exhibit M to my Affidavit of February 4, 2020, which was filed with this Court on February 7, 2020 (Doc. 63-2).

12. On June 4, 2019, underlying defense counsel Brett Young of Norton Rose Fulbright ("Norton Rose") and I, participated in a teleconference with Canal. The purpose of this teleconference was to get Canal up to speed as quickly as possible about the facts and legal theories in the Underlying Suit. Mr. Young provided Canal with his evaluation of the Underlying Suit, experts to be retained to defend the issues, potential liability for defendants in the Underlying Suit and challenges presented by the underlying plaintiffs' counsel.

13. I wrote to Canal on July 4, 2019 to convey a settlement demand made by underlying plaintiffs' counsel on July 3, 2019, and to inquire again as to the status of Canal's promised

coverage letter per its May 28, 2019 email. A true and correct copy of the July 4, 2019 email is attached hereto as Exhibit B.

14. On July 8, 2019, I provided Canal with a spreadsheet summarizing Phillips 66's outstanding defense fees and expenses, and offered to discuss the underlying plaintiffs' pending settlement demand, which was expiring in one week. I reiterated Phillips 66's request for payment of outstanding defense bills, net of any payments by National Interstate. A true and correct copy of the July 8, 2019 email is attached hereto as Exhibit C.

15. In response to an information request from Canal, by email dated July 12, 2019, I provided Canal responses to its questions and also provided documents, including the underlying plaintiffs' expert reports, and underlying counsel's privileged analyses of liability and of Arizona law on expert challenges. A true and correct copy of the July 12, 2019 email is attached hereto as Exhibit D.

16. At that time, I reiterated my request that Canal participate in the settlement of the Underlying Suit.

17. On July 16, 2019, Canal declined to participate in the settlement of the Underlying Suit but agreed not to assert a voluntary payments defense against Phillips 66 in the event it settled.

18. Phillips 66 subsequently settled the Underlying Suit with Canal's consent, but without any payment from Canal towards defense costs or the settlement amount.

19. Phillips 66 continued to cooperate with Canal after the settlement, and provided all requested information to Canal to expedite payment of defense costs. Although Phillips 66 cooperated with Canal in good faith, Canal did not pay any defense bills and continued to stall instead. Canal filed this suit on August 8, 2019.

- 5 -

20. Phillips 66 settled the Underlying Suit on August 22, 2019 for ▮▮▮▮ and paid the settlement on September 9, 2019. A true and correct copy of the settlement agreement is attached hereto as Exhibit E.

21. Phillips 66 incurred and paid $268,627.02 in defense fees and expenses since October 31, 2018, the date of Phillips 66's tender of the Underlying Suit to Canal. National Interstate paid $98,939.15 in defense fees and expenses, leaving $169,687.87 to be paid by Canal. A true and correct copy of a spreadsheet summarizing Phillips 66's paid and unpaid defense fees and expenses is attached hereto as Exhibit F.

22. Prior to July 8, 2019, Norton Rose's invoices were paid by National Interstate. As Phillips 66's ownership of the loading rack pre-dated the policy periods of the National Interstate insurance policies, National Interstate withdrew its defense on July 8, 2019.

23. Phillips 66 provided both the paid and unpaid invoices to Canal for its records. True and correct copies of the redacted invoices, containing redactions based on attorney client privilege, provided to Canal are attached hereto as Exhibit G.

24. To date, Canal has not reimbursed Phillips 66 for any defense fees or expenses.

25. To date, Canal has not paid Phillips 66 for any damages under the Texas Prompt Payment of Claims Act.

26. I am competent and qualified to make this declaration pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2020 in Harris County, Texas

_____
Matthew H. Oglesby, Esq.