# EXHIBIT D
# TO
# OGLESBY DECL.

| | |
|---|---|
| **From**: | Oglesby, Matt H (LDZX) [Matt.H.Oglesby@p66.com] |
| **Sent**: | 7/12/2019 12:56:09 PM |
| **To**: | Alison Christian [achristian@cdslawfirm.com] |
| **CC**: | Lon Johnson [ljohnson@cdslawfirm.com]; Brett Young (brett.young@nortonrosefulbright.com) [brett.young@nortonrosefulbright.com]; McTaggart, Michael B. [michael.mctaggart@nortonrosefulbright.com]; Jennifer Eubanks [Jennifer.Eubanks@canal-ins.com]; Hall, Stephanie Y. (LDZX) [Stephanie.Y.Hall@p66.com]; Shelton, Shannon E (LDZX) [Shannon.E.Shelton@p66.com]; Ellison, John N. [JEllison@ReedSmith.com] |
| **Subject**: | FW: Major/Webb adv ConocoPhillips; Canal Claim No. L515067 - DRAFT RESPONSE |
| **Attachments**: | Bob Harrison.pdf; Ps Dose Assessment.pdf; Ps Economy Expert.pdf; Major - Research on AZ expert law.pdf; [EXTERNAL]core attorney work product // attorney client privileged communication; Coastal Transport Consent to Assign_2012.pdf; [EXTERNAL]COP Full Tender Request Regarding Litigation -Major, Mary vs. SFPP, L.P.; Passport #2018-0114; TENDER LETTER_P-2018-0144.pdf; 2019.07.11.Webb.NOD of Conoco.Date TBD.pdf |
| **Importance**: | High |

Alison,

Thank you for your email. I have attached Plaintiffs' expert reports, and analysis of AZ law on expert challenges, and the most recent liability analysis by Phillips 66's outside counsel. There has also been an additional development as of yesterday evening. Plaintiffs have issued a Notice of Deposition for Phillips 66's Corporate Representative. I have attached the NOD for your review. Please provide times you are available on Friday July 12 or Monday July 15 to participate in a conference call to discuss the liability issues and the response to Plaintiff's most recent settlement demand.

Phillips 66 will fully respond to Canal's reservation of rights letter and to that end, it may be appropriate to have an additional call with Phillips 66's coverage counsel, yourself, and Canal's claim adjuster when that response letter is issued. In the meantime, I have provided a brief response to the issues raised in Canal's ROR letter and to the the bullet points at the end of the letter. Also, I feel compelled to clarify your statement that Canal does not have any information other than the complaint and a single contract between ConocoPhillips and Coastal.

Any delay in getting Canal up to speed is entirely a result of Canal's failure to recognize its responsibilities under its insured's contract with Phillips 66's predecessor in interest. Phillips 66 tendered this case to Canal's insured on August 23, 2018. Canal acknowledged it received notice of this claim in October 2018. For reasons that were never explained to Phillips 66, Canal decided some five months later to deny coverage. When Phillips 66 questioned Canal on its decision, Canal, again without explanation, asked for a copy of an amended petition (that does not exist). On May 28, you sent Phillips 66's outside counsel an email informing Phillips 66 "that Canal accepts its additional insured tender and agrees to defend it pursuant to a reservation of rights. The letter outlining Canal's coverage position will be sent soon, but we wanted you to have notice of this decision right away." I set up a phone call with you and Phillips 66's outside counsel on June 4. In that 45 minute phone call, you again expressed that a full reservation of rights letter would be forthcoming. Phillips 66 chose to go forward with the call, even without full knowledge of the reservation of rights, in the hopes that it would accelerate the learning curve on this case. Phillips 66 outlined the liability issues, experts that would be retained to defend the issues, the potential liability for the defendants still in the case, and the challenges presented with this particular plaintiff's attorney. When Plaintiff's counsel revised his demand last week, I forwarded that demand to you immediately.

It has now been six weeks since your firm first acknowledged Canal's responsibilities. As I stated previously, I look forward to working with you to resolve this case. Your letter requests several documents and information, some of which I have provided here and some of which, as we have previously explained, is unknown.

- Phillips 66's ownership of the terminal begins in 1997 (with Tosco's purchase of certain assets from Unocal) and ends with ConocoPhillips sale of the terminal to Kinder Morgan in 2008.
- Webb's visits to the terminal are unknown. Canal's insured should have this information. Please get that information from Coastal.

EPSXMAJ0000000008

PSXCAN00000118

- Coastal is Webb's employer and I am told that Coastal has the benefit of Worker's Compensation bar under AZ law. Phillips 66 has named Coastal as a "non-party at fault".
- Phillips 66 does not believe it has liability to Webb because his employer was responsible for training him about the operation of his truck, including the loading of gasoline, and any dangers associated with the product he was loading.
- Phillips 66 has not located any other contracts with Coastal at this time. We continue to search for these contracts. As with your request above, Phillips 66 suggests you seek these documents from Canal's insured.
- The ConocoPhillips spin agreement is a voluminous documents that contains confidential information. The attached Consent to Assign should satisfy your request. Phillips 66 also provides ConocoPhillips tender of the *Major/Webb* case to Phillips 66 and Phillips 66's acceptance.
- Canal's request for information about the vehicles that its insured supplied to Webb should be directed to Canal's insured.

With respect to your last two bullet points, Phillips 66 is evaluating these requests and will respond as soon as practicable. Phillips 66 has a few additional requests of Canal and requests this information at your earliest convenience:

- The document Canal relies on to assert is "right to select defense counsel of its own choosing"
- The name of any panel counsel that Canal believes is qualified to defend this case.

Regards,
Matt

**Matthew H. Oglesby**
Senior Counsel, Litigation

O: (+1) 832-765-1219  |  M: (+1) 832-289-2499  |  F: (+1) 832-765-9873
HQ-13-N1386  |  2331 CityWest Blvd.  |  Houston, TX 77042
**Phillips 66**

**CONFIDENTIALITY NOTICE**: This information is intended only for the person to whom it is addressed and may contain confidential information and/or privileged material. Any review, dissemination, or other use by anyone other than the intended recipient is prohibited. If you received this e-mail in error, please notify us immediately and delete this transmission from your computer and/or server. Thank you.

---

**From:** Alison Christian <achristian@cdslawfirm.com>
**Sent:** Wednesday, July 10, 2019 6:55 PM
**To:** Oglesby, Matt H (LDZX) <Matt.H.Oglesby@p66.com>
**Cc:** Lon Johnson <ljohnson@cdslawfirm.com>; Brett Young (brett.young@nortonrosefulbright.com) <brett.young@nortonrosefulbright.com>; McTaggart, Michael B. <michael.mctaggart@nortonrosefulbright.com>; Jennifer Eubanks <Jennifer.Eubanks@canal-ins.com>
**Subject:** [EXTERNAL]Major/Webb adv ConocoPhillips; Canal Claim No. L515067

Hi Mr. Oglesby,

Thank you for your recent communications and your patience. I look forward to working with you on this case. I've attached a copy of Canal's reservation of rights letter in this matter. A hard copy will be sent in the mail. You can access copies of the Canal policies issued to Coastal Transport through the below link. I will send you the password in a separate secure email. Please download the documents at your first convenience because the link will automatically expire within 30 days:

EPSXMAJ0000000008

PSXCAN00000119

https://cdslawfirm.box.com/s/5hfja5krik678jhh81z52tv8yos9rw9g

I want to set up a time to talk to you about the outstanding settlement demand if possible. ==As I mentioned during our calls, Canal does not yet have any information about this case beyond the Complaint and the single contract with Coastal. Now that the reservation is in place, we will need to work diligently to get the information that Canal needs to assess any indemnity payment==. This will include all evaluations from your defense counsel, deposition summaries, disclosures, expert reports, etc. Let me know when you are available to talk about the next steps.

Truly,

**Alison R. Christian**



Christian, Dichter & Sluga, P.C.

2700 N. Central Ave. Suite 1200
Phoenix, Arizona 85004
Office: (602) 792-1700
Direct: (602) 792-1706
Fax: (602) 792-1710
AChristian@cdslawfirm.com
www.cdslawfirm.com

In Nevada and Arizona:

Christian, Kravitz, Dichter, Johnson & Sluga, LLC
8985 Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

Office: 702 362-6666
Fax:    702 992-1000
www.ckllclaw.com



PSXCAN00000120
EPSXMAJ0000000008